## Commonwealth v. Carson and Bell.

(Decided September 29, 1916.)

### Appeal from Lincoln Circuit Court.

1. Elections—Primary Election—Qualification of Voter.—Under subsection 19 of section 1550, Kentucky Statutes, providing that "no person shall be deemed to have affiliated with the party in whose primary he seeks to cast his vote, if he voted against the nominee or nominees of such party at the last general election," a voter is not entitled to participate in a primary election of his party, if he voted against the nominee or any of the nominees of such party at the last general election.

2. Elections—Violation of Election Law—Indictment—Sufficiency.— An indictment against primary election officers for wilfully refusing to permit a qualified voter to vote, which admits that the voter did not support some of the nominees of his party at the last general election, is insufficient, unless it alleges that he did not vote against such nominees and that the election officers knew that he did not vote against such nominees.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

GEO. D. FLORENCE and K. S. ALCORN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Defendants, Everett Carson and Tom Bell, who were officers at the primary election held in August, 1914, for the purpose of nominating candidates for the office of

United States Senator, were indicted by the grand jury of Lincoln county for the offense of wilfully, feloniously and corruptly refusing to permit a qualified voter to vote at that election. A demurrer was sustained to the indictment and the indictment dismissed. The Commonwealth appeals.

The indictment, after setting out the fact that defendants were judges of the election at Hustonville precinct number one, in Lincoln county, and that they unlawfully, feloniously and corruptly refused to receive the vote of Livingston Cooper, and after stating that said Cooper possessed the other requisite qualifications of a voter, goes on to state that said Cooper had for a number of years been a member of the Democratic party, the party for whose nominees he intended to cast his vote, and prior to so offering to vote had for many years affiliated with said party and supported its nominees in all elections, and had supported all except three of its nominees in the last general election held in said county and precinct at which time said party had ten nominees.

The indictment was returned under the general primary election law of 1912, as amended by the General Assembly of 1914. Subsection 19 of section 1550, Kentucky Statutes, prescribes the qualifications of electors entitled to participate in primary elections. So much of said subsection as is material to a determination of the question presented on this appeal is as follows:

"He shall, in addition to said qualifications, be a member of the party for whose nominees he intends to cast his vote, and shall have affiliated with said party and supported its nominees, and no person shall be deemed to have affiliated with the party in whose primary he seeks to cast his vote, if he voted against the nominee or nominees of such party at the last general election. Said qualifications shall be determined as of the date of the primary, without regard to the qualifications or disqualifications as they may exist at the succeeding regular election. In precincts where registration is required, no elector, except those entitled to be specially registered as herein provided, shall be entitled to vote in any primary, unless he is registered in the registration book of said precinct for the preceding year, as affiliating with the party whose ballot he offers to vote. If so registered, he shall be entitled to vote the

ballot of the party with which he is registered and no
other. In other precincts, qualified electors shall be al-
lowed to vote only the ballot in which they are members,
and with which they have affiliated and supported, as
defined herein.''

With the wisdom of this statute the courts are not
concerned. The question is merely one of interpreta-
tion. It will be observed that the statute provides, ''and
no person shall be deemed to have affiliated with the
party in whose primary he seeks to cast his vote, if he
voted against the nominee or nominees of such party at
the last general election.'' It was the evident purpose
of the legislature to provide that no one should partici-
pate in a primary election who, at the last general elec-
tion, voted against the nominee or nominees of the party
in whose primary he sought to vote. Under this section
a voter is not precluded from taking part in a primary
election merely because he failed to vote in the previous
general election or failed to vote for all the nominees of
his party at that general election. However, if he ac-
tually participates in the general election and votes
against any of the nominees of his party in that elec-
tion, he is not entitled to participate in the next primary
election held by his party. The statute plainly says, ''If
he voted against the nominee or nominees of such party
at the last general election.'' Clearly, therefore, he will
not be permitted to participate in the next primary elec-
tion if he votes for a majority of the nominees of his
party and against the remainder of the nominees. The
statute admits of no other interpretation.

When we come to consider the indictment itself we
find that its language is equivocal. It alleges that Cooper
had supported all of the nominees of his party at the
last general election with the exception of three. As the
indictment must be construed most strongly against the
Commonwealth and in favor of the accused, the infer-
ence is that he voted against the three nominees of his
party. The indictment should not only have negatived
the idea that he voted against the three remaining nom-
inees, but should have gone further and alleged that the
election officers refused him the right to vote, knowing
that he had not voted against the three remaining nomi-
nees of his party. It follows that the indictment is in-
sufficient and the circuit court did not err in so holding.

Judgment affirmed.