Case 65—INDICTMENT—December 17.

# Commonwealth v. Barry.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. Elections—Indictment for Making False Return.—The court properly overruled a demurrer to an indictment for the offense of "feloniously making a false and fraudulent election return," the indictment alleging in substance that defendant was the duly acting and qualified election clerk in a certain precinct at a particular election, and that he feloniously made and aided in making a return of the votes showing that sixteen votes were received for a certain candidate for sheriff when in fact there were more votes received and counted as valid for said candidate.

2. Not Competent for Voters to Testify How They Voted.—To sustain such a charge it is not competent for the Commonwealth to prove by voters how they voted, as this would destroy the secrecy of the ballot. And, besides, it would be a dangerous practice to allow the official action of the officers of the election, watched and inspected as it may be by the inspectors, to be contradicted by the parol testimony of the voter.

FRANK PARSONS, W. O. HARRIS, and R. C. KINKEAD for APPELLANT.

The secrecy of the ballot is intended to protect the voter, and where the voter waives that protection there can be no objection to permitting him to testify how he voted for the purpose of convicting the false and corrupt officer. (Commonwealth v. McGurty, 145 Mass., 257; In re Massey 45 Fed. Rep., 629.)

KOHN, BAIRD & SPINDLE and EDWARD J. McDERMOTT for APPELLEES.

To permit a voter to testify how he voted would be to destroy the secrecy of the ballot, and such testimony is therefore inadmissible. (Constitution of Kentucky, sec. 147; Kentucky Stats., sec. 1446; People v. Sackett, 14 Mich., 237; Ex parte Brown, 31, Pac. Rep., 840; Ex parte Henry Clay Arnold, 30 S. W. Rep., 768.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

On the 17th of November, 1894, the grand jury of Jefferson

county returned an indictment against the appellee, W. C. Barry, accusing him of the crime of feloniously making a false and fraudulent election return. It is substantially alleged in the indictment that appellee was the duly acting and qualified election clerk in the Twenty-first precinct of the Twelfth ward of the Eighth magisterial district, held November 6, 1894, in said county of Jefferson and city of Louisville, and that as such officer of the election he made up and aided in making up, and authorized the making up, of a false and fraudulent election return in this, that he did, at said time and place, willfully, knowingly and feloniously make and aid in making a return of the votes showing that sixteen votes were received by Sterling B. Edmunds, as candidate for the office of sheriff of Jefferson county, Kentucky, when in truth there were more votes received and counted as valid for said Sterling B. Edmunds.

A demurrer was filed by the defendant to the indictment, and properly overruled by the court.

A trial resulted in a verdict of not guilty, and defendant was discharged, and the Commonwealth has appealed and insists that the court erred in refusing to permit the Commonwealth to prove by more than sixteen voters of said precinct, that they had voted for said Edmunds at said time and place, and that their ballots were properly stamped, received and deposited in the ballot-box, said voters being willing and ready to testify as to their voting.

The correctness of the ruling complained of seems to be the only question for consideration upon this appeal. It may be conceded the testimony offered was material and might, if admitted, have convinced the jury that the averments in the indictment were true. Yet the intent of the law-makers seems to have been' to provide an absolutely

secret ballot.   If evidence can be allowed to be introduced in judicial proceedings showing how or for whom the party voted, it seems to us that one of the safeguards thrown around the voter will, to say the least of it, be weakened or endangered.   It seems to be conceded that the voter can not be compelled to testify as to his vote.   If that be true, it would seem to follow that if the ends of justice so demanded he might be compelled to testify.   The election law provides ample means to prevent frauds and forgeries.   If the appointing power will take care that good men are appointed to the office of judge, clerk, and sheriff at the several precincts, frauds will rarely, if ever, occur.   And, in addition to this safeguard against frauds, the legislature has authorized each political party to have a challenger present during the voting, and an inspector present to witness and inspect the count and to receive a certificate of the result.   It seems to us that it would be a dangerous practice to allow the official action of the officers of the election, watched and inspected as it may be by the inspectors, to be contradicted by the parol testimony of the voter.

For the reasons given the judgment of the court below is affirmed.