CASE 73—INDICTMENT—DECEMBER 17.

# Commonwealth v. Miller.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. ELECTIONS—CHALLENGERS AND INSPECTORS.—The election law
gives to each political party the right to have a challenger pres-
ent during the voting, and also an inspector to inspect and wit-
ness the count, and as these two officers are entirely separate
and distinct the fact that the challenger remains in the room
while the vote is being counted does not deprive the party he
represented of the right to have an inspector present to inspect
and witness the count.

2. SAME.—The sheriff of the election having no right to exclude an
inspector from the room while the vote was being counted could
not lawfully authorize another to do so. Therefore, where a
policeman excluded an inspector, the fact that he did so in obedi-
ence to the sheriff's order affords no justification under an in-
dictment against him for "forcibly obstructing the lawful hold-·
ing of an election."

3. SAME.—The executive committee of a political party has the
power to authorize its chairman to appoint inspectors.

FRANK PARSONS, COMMONWEALTH'S ATTORNEY, R. C. KINKEAD
AND W. O. HARRIS FOR APPELLANT.

1. Wilfully obstructing the lawful holding of an election is not only
an offense under section 1588 of the Kentucky Statutes but also
under the common law independent of the statute. (Common-
wealth v. Silsbee, 9 Mass., 417; Commonwealth v. McHale, 97
Pa. St., 408.)

2. The officers of election have no right to exclude the inspector from
the room or to order others to exclude him. It is not the case
of an officer acting under an illegal precept calling upon a posse
to arrest a citizen, but the case of an officer seeking to drive
from the sphere of his duty another officer of equal rank and
dignity.

3. An officer acting under an illegal precept has no right to summon
a posse to assist him. (Elder v. Morrison, 10 Wend., 139; Diet-
richs v. Shaw, 43 Ind., 175; Mitchell v. State, 7 English (Ark.)
50; Oystend v. Shed, 12 Mass., 511; Brown v. Howard, 14 John-
son, 118; Hooker v. Smith, 19 Vt., 151.)

Commonwealth v. Miller.

The case of Reed v. Rice, 2 J. J. Mar. 46, holding otherwise, is opposed to the great weight of authority.

KOHN, BAIRD & SPINDLE FOR APPELLEES.

1. The indictment is not good. The allegation that Dorn had been duly appointed by the regularly elected and governing authority and the allegation that defendant was an officer are not sufficient.

2. If the refusal to permit an inspector to enter is an offense at all it is punished by section 1577 of the Kentucky Statutes and does not come within the reasoning or spirit of the provisions of section 1588.

3. An inspector has no right to enter the voting place before the closing of the polls, and therefore as Dorn had no right to enter at the time he sought to do so it was no offense to refuse to permit him to enter. (Ky. Stats., sec. 1481.)

4. The law places the power to appoint inspectors with the executive committee, and that committee can not delegate that power. Therefore the appointment of Dorn by one to whom the committee delegated the power to appoint was void. (Noland v. Noland, 12 Bush, 426; Lynn v. Burgoyne, 13 B. Mon., 402.)

5. The appellees were compelled to obey the orders of the officers of election and could not be required to judge at their peril of the legality of the officer's command.

EDWARD J. McDERMOTT ON SAME SIDE.

1. Dorn had no right to go into the poll under any circumstances *at the time* he tried to enter, as the polls had not then closed. (Ky. Stats., secs. 1467, 1470.)

2. It is the duty of a policeman to obey the instructions of the officers of election without stopping to inquire whether they have made a mistake, and he will be protected in so doing. (Miller v. Rucker, 1 Bush, 136; Reed v. Rice, 2 J. J. Mar., 44; Rodman v. Harcourt, 4 B. Mon., 230; Hunt v. Ballew, 9 B. Mon. 391.)

3. The statute does not contemplate that there shall be admitted into the voting place both a "challenger" and an "inspector" of each party, and there being a challenger at the polls Dorn had no right to admittance. (Ky. Stats., secs. 1467, 1470, 1481, 1482.)

4. Dorn's credentials were not properly made out. The executive committee can not delegate its power of appointment to its chairman. (Ky. Stats., sec, 1481; Lynn v. Burgoyne, 13 B. M., 402; Noland v. Noland, 12 Bush, 426.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Andrew Miller was indicted by the grand jury of Jefferson county for the alleged crime of forcibly obstructing the lawful holding of an election.

The material averments in the indictment substantially charge that the appellee did, on the 6th day of November, 1894, forcibly obstruct the lawful holding of an election for State and county officers, then being held, by forcibly preventing R. H. Dorn from witnessing and inspecting the counting of the votes cast in precinct No. 22 of the Tenth ward and Seventh magisterial district in Louisville, Jefferson county, Ky.; the said Dorn having been by the Republican executive committee of Jefferson county appointed an inspector for said party to inspect and witness the counting of the votes at said precinct.

At the conclusion of the testimony of the Commonwealth the court, on defendant's motion, gave a peremptory instruction to the jury to find for the defendant. The jury thereupon rendered a verdict of not guilty and the defendant was discharged from custody. The Commonwealth prosecutes this appeal.

It appeared in evidence that the Republican executive committee had directed and empowered their chairman to appoint inspectors, and that Dorn was by said chairman appointed and had his credentials when defendant, as is alleged, forcibly prevented him from being present at the count.

It also appeared that the Republican party had one challenger at the polls who remained there and witnessed the count. Counsel for appellee insists that the committee could not delegate the power of appointment to the chairman; hence, that Dorn was not legally appointed, and, therefore, was properly prevented from being present at the count. It

is also contended that a challenger and inspector is but one officer; that a party can not have a challenger at the polls during the voting hours and then have another person as inspector to inspect and witness the counting of the ballots. It seems that the court below did not sustain the contention of appellee in respect to these questions.

The testimony conduced to show that appellee was a policeman, and that he was told by the sheriff of the election at said precinct to prevent Dorn from entering upon the discharge of his alleged duties as inspector, and it is appellee's contention that the order of the sheriff of the election is a complete justification of the defendant's actions, and we presume that the court was of the same opinion; hence gave the peremptory instruction.

Section 1470, Kentucky Statutes, provides that each political party may have a challenger who shall be entitled to stay in the voting room or at the door thereof. He shall be appointed by the chairman of the county or other local committee, and is required to take an oath to faithfully discharge his duties, etc.

Section 1481 of the statutes *supra* provides that the executive committee of each party having a ticket to be voted for at an election may designate a suitable person to be present at, witness and inspect the counting of the vote in each precinct, who shall be admitted to the said polling place.

It is manifest from the foregoing provisions that the office or position of challenger and inspector are entirely distinct offices. It is therefore wholly immaterial whether the Republican challenger was in the voting room or not when Dorn sought to enter, nor whether he remained during the count. The manifest intent of the statute in regard

to elections is to give to each political party the right to have a challenger present during the voting and also an inspector to inspect and witness the count. The reasons therefor are numerous and need not be mentioned.

The law in respect thereto should be liberally construed to the end that no party should be denied the representation provided for. We are of opinion that the executive committee of the Republican party had the power to authorize its chairman to appoint inspectors, and that Dorn was legally appointed inspector for the said precinct, and entitled to admission thereto to inspect and witness the count.

The sheriff of the election had no right to exclude him from the voting room, and, having no right to do so himself, he could not lawfully authorize the defendant, Miller, to do so.

It results from the foregoing that the court erred in giving the peremptory instruction complained of, and the judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.