## Louisville & Nashville Railroad Co. v. Woodford.

(Decided March 28, 1913.)

### Appeal from Fayette Circuit Court.

Federal Question—Bill of Lading—Plea of Stipulation in Contract.— It is incumbent on the defendant to plead a stipulation in the bill of lading limiting its liability and if the contract is not pleaded, no federal question as to the validity of the contract under the act of Congress is presented.

R. A. THORNTON, BENJAMIN D. WARFIELD and CHAS. H. MOORMAN for appellant.

ROBT. B. FRANKLIN, ROBT. C. TALBOTT for appellees.

RESPONSE TO PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON Overruling Petition. (For original opinion see 152 Ky., 398.)

We agree with counsel for appellant that the State courts must take judicial notice of acts of Congress no less than acts of the State Legislature; and that it is

not essential that the federal question should have been raised in any special form in the trial court, but it is essential that the facts on which the federal question rests must be presented in the record. The defense which the defendant now relies on does not arise under the act of Congress; it arises under a written contract, and the provisions of this written contract were not pleaded. The bill of lading was not filed with the petition; it was filed in the action after the answer was filed in response to a rule, and is not a part of the pleadings. The bill of lading contains a number of clauses limiting and restricting the defendant's liability in certain contingencies. If the defendant desired to rely upon any of these clauses limiting its liability, it was incumbent upon it to plead the clause in its answer. It was not incumbent upon the plaintiff to anticipate and negative all the exceptions set out in the separate clauses of the contract. (Aetna Life Ins. Co. v. Rustin, 151 Ky., 108.) The defendant did not set out in its answer or in any pleading any of the conditions of the contract, and not having pleaded the provisions of the contract, they were not before the trial court, and are not before this court. The provisions of the contract not having been pleaded, no federal question is presented, as to the validity of the contract. It is true that on the motion for new trial, the federal question was suggested in argument, but the trial was then over. It was too late to file an amended answer. (Meadows v. Goff, 90 Ky., 540; Brown v. VanCleave, 86 Ky., 381), and by section 386 of the Code, it was the duty of the court to enter judgment for the party whom the pleadings entitled thereto. The defendant having failed to plead the provisions of the written contract relied on, there was nothing which the court could consider to sustain the federal question on the argument of the motion for new trial. The matter not having been presented in the circuit court in such a manner that it could be considered in that court, and the case having been tried in that court without reference to any of the special provisions of the contract, the defense now suggested is not maintainable in this court. The defendant not only failed to plead the provisions of the contract now relied on; but asked on the trial an instruction inconsistent with the view now presented, and practiced its case throughout the trial on this basis.

If Section 196 of the State Constitution were not in force and if contracts limiting the common law liability of carriers were upheld and enforced in this State, would it be maintained that the defendant in this action would be entitled to the benefit of the stipulation in the contract limiting its liability without pleading the contract or setting up this defense? And if this is true how can it be maintained that the defendant is in a better position because it relies on an act of Congress than it would be if the same defense had been allowed by the State law, and had not been pleaded or relied on in the trial? To grant a new trial for a matter not pleaded, and not relied on in the trial, would be to set a precedent making litigation interminable, which cannot be justified under the well settled rules of legal procedure.

Petition overruled.