## Tackitt v. Newsom.

### Same v. Same.

(Decided December 5, 1919.)

## Appeals from Pike Circuit Court.

1. Appeal and Error—When Erroneous Testimony Cannot Be Complained of.—A litigant can not complain of testimony, though erroneous, if it was responsive to a question which his counsel voluntarily propounded to the witness.

2. Appeal and Error—Error in Exclusion of Testimony—Prejudice. —An error in the exclusion of testimony will not ordinarily be considered as prejudicial if other witnesses are permitted to testify to the same facts.

3. New Trial—Instructions.—A new trial will not be granted because of the court's refusal to give an offered instruction, though proper, if the court on its own motion gave an instruction properly worded and covering the same point.

4. Appeal and Error—Instruction on Champerty—Error Cured by Verdict.—The error in refusing to give an instruction offered by defendant on champerty was cured by the verdict of the jury, which failed to find for plaintiff the land to which the champerty instruction applied.

5. The finding of a chancellor on issues of fact will not be disturbed if the testimony as an entirety creates only a doubt in the mind of this court as to the truth of the issues involved, but if the evidence preponderates against his finding it is the duty of this court to determine the facts in accordance with the preponderance of the testimony.

ROSCOE VANOVER for appellant.

J. J. MOORE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming first case and reversing the second case.

These two suits furnish a strong example of the perversity in human nature, and emphasize the influence of selfishness and greed as factors in controlling human conduct. These litigants not only display an utter disregard of the good fellowship which should exist between neighbors, but they likewise exhibit a contempt for the preservation of family ties, since the appellant Newsom, who was plaintiff below, is the son-in-law of the appellee Tackett, who was the defendant below. It is to be regretted that petty disputes like those here involved could not be settled amicably without consuming the time of courts and disturbing an entire neighborhood for a period of more than a year, and leaving scars which naught but death will efface. The transcripts in the two cases contain about 640 pages, while the matter involved is only a fraction of an acre of mountain agricultural land and alleged damages thereto, all of the total value of less than one-fourth of the cost of the transcripts alone.

The first suit involves a controversy over the division line between the plaintiff and defendant and damages to less than a fourth of an acre of plaintiff's land because of an alleged wrongful diversion of a stream by defendant, causing the water to collect on that portion of plaintiff's land.

The answer contained a denial of the allegations of the petition and a paragraph relying on adverse posession, which was denied by reply, and upon trial there was a verdict in favor of plaintiff for only a portion of the land sued for, and one also in his favor for the sum of $25.00 because of the matters complained of in the second paragraph of his petition. Defendant's motion for a new trial having been overruled, he prosecutes an appeal.

About four months after the rendition of the judgment in that case the second suit was filed to obtain a mandatory injunction against defendant requiring him to remove the alleged obstruction which plaintiff claimed produced the damage for which he asked compensation in the second paragraph of the first suit. Defendant's answer denied the allegations of the petition in that suit and after extensive and protracted preparation the court upon submission granted the prayer of the petition and ordered the obstructions complained of removed, and to review that judgment the defendant prosecutes the second appeal above. Upon motion made in this court the two appeals are heard together, though sustaining no relation the one to the other further than that they are between the same parties.

The two tracts of land owned respectively by plaintiff and defendant were once owned as one tract by William Tackitt, who sold the portion now owned by defendant to his remote vendor in 1886; while the remainder of the tract was sold to defendant's remote vendor in 1893.

The grounds urged for a reversal of the judgment in the first appeal are that the court erred in the admission and rejection of evidence; in the giving and refusing of instructions, and that the verdict of the jury is not sustained by the evidence. The only complained of incompetent evidence to which our attention is called in brief of counsel is that given upon cross-examination of the county surveyor of Pike county, who was introduced as a witness in behalf of plaintiff. This witness had made a survey of the lines contended by each litigant as the true one, and had testified in substance in his examination in chief that the calls of defendant's deed (which was the older one) located the true line at the point contended by plaintiff. One call in the deed reads, "running down said point to the butt or base

of the point." On cross-examination the surveyor testified that he construed this to mean as running with the center of the point. His first answer, giving his construction of the call, was objected to, but the objection was not acted upon, and then defendant's attorney asked him this question: "It means that whether it says it or not?" to which the witness answered "Yes, unless it calls for something down on the side of the point or certain degree off to a certain object." Counsel then moved to exclude that answer, which was overruled. It will at once be seen that the first answer of the witness, of which complaint is made, can not be considered because the objection to it was waived by not requiring the court to rule upon it, and his second answer, which was asked to be excluded, was in direct response to a question propounded by defendant's counsel, and we know of no rule of practice permitting a litigant to complain of testimony which his counsel voluntarily called for in his examination of the witness. We do not mean to hold that if the answer of a witness is not responsive to the question, and is not one which the question was designed to elicit, that the party would be barred from complaining of it if erroneous, but we have no such case before us. So, if the testimony of the surveyor was erroneous (which we do not determine), defendant under the condition of the record can not complain of it.

The wrongfully excluded evidence complained of is that offered by two of defendant's witnesses to whom it is alleged William Tackitt, about the time or just after he sold the land now owned by defendant, pointed out a certain poplar tree as being the poplar tree mentioned in defendant's deed, but this error, if one, was cured by the statements of witnesses who testified.for defendant later upon the trial, and who said that William Tackitt pointed out to them the line between plaintiff and defendant and that the line so pointed out ran by the poplar tree, where defendant claims the true line to be.

Defendant offered an instruction directing the jury to find for him if it believed that the land in controversy was included in the boundary given in defendant's deed, which is the same boundary as that contained in the deed to the same tract which William Tackitt executed in 1886. This phase of the case, however, was submitted in another instruction given by the court and which told the

jury to find for the defendant if it believed the description in his deed covered the land to the green line on the map used on the trial, and the green line referred to in the instruction is shown not only by the defendant himself, but by all his witnesses, to be at the point where he claims the true line is and as contained in his deed.

Further complaint is made that the court refused to give an instruction on champerty offered by defendant, but the error, if any, in refusing this instruction is not prejudicial, since plaintiff by the verdict of the jury did not recover any of the land to which the instruction on champerty was intended to refer.

The last contention, that the verdict is not sustained by the evidence, is without merit. We deem it unnecessary to relate even in substance the testimony offered by the respective parties, since it would serve no useful purpose, and would unnecessarily lengthen this opinion. While the testimony in its entirety is conflicting, still that given by plaintiff and his witnesses, including the county surveyor, is abundantly sufficient to sustain the verdict. We therefore conclude that none of the errors relied on are sufficient to authorize a reversal of the judgment in the first case appealed from.

Upon the trial of the second case above, which sought the mandatory injunction referred to, the stenographer's transcript of the testimony heard upon the trial of the first case was read, and in addition thereto the defendant introduced and read the depositions of eleven witnesses. The testimony as a whole upon the trial of that case showed that a small stream known as Big branch, ran out of the mountains and emptied into Long fork of Shelby creek, and that at a point about two hundred yards from where it emptied into that stream it made a sudden turn around the base of the point; that from there on to the place of emptying it ran through a low, swampy territory and in the general direction of the line between plaintiff and defendant, and the great preponderance of the testimony is to the effect that the natural location of the stream is on plaintiff's side of the line as located by the verdict of the jury. As far back as the memory of the oldest inhabitant extends there was a natural pond on plaintiff's side of the line, covering one-eight or one-fourth of an acre, and in times of heavy freshets the water from the stream would spread out

over the land of both plaintiff and defendant. Some years ago a tenant of defendant's vendor dug a small ditch in an effort to take care of the overflow water on defendant's land. Afterward that ditch was dammed up at its mouth, but whether this was done by some owner of the land, or by deposits from the flow of the water is not made clear by the testimony. It does appear, however, that defendant, where the stream makes a turn around the base of the point, placed five or six rocks on the bank of the creek where it was cutting into his land, to prevent it from further encroaching upon him, and it is these obstructions of which the plaintiff complains. The testimony shows that the natural pond, which was originally upon plaintiff's land, has gradually filled and that it is now tillable land, this change being brought about by sudden freshets, called by the witnesses "run-outs from the mountains," and causing the stream to fill up and the water to spread out over the adjacent territory. We do not gather from the testimony that defendant placed any rocks across the stream so as to interfere with the flow of the water, but that he placed them only on the bank of the stream to prevent the water from encroaching upon him, and the testimony in the record fails to convince us that this act of his caused any additional water to flow on plaintiff's land. We therefore conclude that the judgment of the court granting the injunction in the second suit was against the great preponderance of the testimony.

Under the well known rule of practice prevailing in this court, if the conflict in the testimony produced only a doubt in our mind as to the truth of the issue, it would be our duty to resolve that doubt in favor of the finding of the chancellor, but if his finding is clearly against the preponderance of the testimony, we not only have the right, but it is our duty to determine the matter according to our convictions as to the facts which the testimony as an entirety establish. Following this rule, we are constrained to hold that the petition in the second case should have been dismissed.

It is therefore ordered that the judgment in the first case be affirmed, and that the one in the second case be reversed, with directions to dismiss the petition with a judgment against plaintiff for costs and for proceedings not inconsistent herewith.