## Kean v. Whittle.

(Decided September 29, 1925.)

### Appeal from Russell Circuit Court.

1. Elections—In Election Contest, the Only Ground Available to Contestant is that Originally Set up by Him.—Where, in election contest, the only ground of contest set up was failure of election officers to properly certify votes in certain precinct, the contestant could not, in a reply, set up other grounds, in view of Ky. Stats., section 1550-28.
2. Elections—Defendant in Election Contest Not Estopped to Set up Illegal Voting Though Receiving Same Kind of Votes.—Defendant,

in election contest, is not estopped to set up that certain person, voted for opponent illegally even though others in same precinct voted for him in same way.

3. Elections—Marking of Ballots by Clerks in Voters' Presence and Presence of Other Officers Void.—Where voter told clerk they wanted to vote for certain party, and clerk marked their ballot in their presence and in presence of other officers, the ballots being voted openly were void under Constitution, section 147.

4. Elections—Election Must be by Secret Ballot Except in Case of Illiterate, Blind or Disabled Persons.—Election must be by secret official ballot, the only exception being in case of persons illiterate, blind or in any way disabled, under Ky. Stats., section 1475.

5. Elections—Voter Must Declare on Oath that he is Blind or Physically Disabled to Have Officer Mark Ballot for Him.—Unless voter is sworn and declares on oath that he is blind or so physically disabled as to be unable to mark his ballot, officer has no right to mark ballot for him, and if he does so, it is not a secret ballot as provided by Constitution.

PHELPS & ANTLE for appellant.

JONES & GARNETT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant, Willie Kean, and Nick Whittle were opposing candidates for the Republican nomination as jailer of Russell county at the primary election held in August of this year.

According to the returns made to the county board of election commissioners Kean received 505 votes and Whittle 514 votes. Whittle was awarded the certificate and Kean thereupon instituted this contest. The only ground of contest stated in the notice was that in Webb's Cross-Roads precinct No. 10, the election officers by mistake certified to the election commissioners that Kean received only one vote in that precinct whereas in fact he received 15 votes. Whittle filed a response in which he denied the allegations of the grounds of contest and pleaded in another paragraph that certain named persons, about fifteen in number, had voted for Kean at different precincts in the county, openly on the table without being sworn. Kean filed a reply in which he controverted the affirmative allegations of the response and in the second paragraph pleaded that a number of persons, named by him, had voted in certain precincts for Whittle on the table without being sworn and prayed that

their votes be stricken from the number that Whittle received. Proof was taken; the circuit court sustained Whittle's demurrer to the paragraph of the reply setting up that certain persons had voted on the table illegally for Whittle. The court opened the ballot box of precinct No. 10, counted the ballots and ascertained that Kean had received 15 votes in that precinct, but he also found from the proof that eight of the persons named by Whittle had voted for Kean openly on the table without being sworn and he deducted these eight votes from Kean's total, thus leaving (when he added 14 votes and deducted 8) Kean's total vote 511 or three votes less than Whittle's vote. He thereupon dismissed the contest. Kean appeals.

Section 1550, subsection 28, Kentucky Statutes, governing contests of primary elections, after providing for the notice of contest, the response thereto and the reply, adds these words:

"But no additional grounds of contest shall be set up in any reply, and the cause shall be tried upon the grounds of contest contained in the original notice by the contestant and the response of the contestee."

The only ground of contest set up by Kean being the failure of the election officers to certify properly the vote in precinct No. 10, he could not in his reply to Whittle's response set up other grounds. It is urged that Whittle is estopped to complain that certain persons voted for Kean on the table when others in the same precinct voted for him in just the same way. But to apply such a rule would be to disregard the statute, which was plainly aimed to require all grounds of contest to be set up in the notice of the contestant.

The record plainly shows that the eight persons referred to voted for Kean openly upon the table without being sworn. It is true they say they did not watch to see how the clerk marked the ballot, but they told the clerk they wanted to vote for Kean and the clerk thereupon marked the ballot in their presence and in the presence of the other officers. There being no evidence that the clerk did not do his duty and the marking having been done there without objection in the presence of numerous persons, it must be presumed that each ballot was marked as directed. These ballots, as consistently held by this court·

from the beginning, being voted openly, were void. Section 147 of the Constitution provides:

"But all elections by the people shall be by secret official ballot, furnished by public authority to the voters at the polls, and marked by each voter in private at the polls, and then and there deposited. . . . The first General Assembly held after the adoption of this Constitution shall pass all necessary laws to enforce this provision, and shall provide that persons illiterate, blind, or in any way disabled, may have their ballots marked as herein required."

It will thus be seen that under the Constitution the election must be by secret official ballot, marked by each voter in private at the polls and then and there deposited. The only exception to this is in the case of persons illiterate, blind or in any way disabled. As directed by the Constitution the General Assembly made the following provision as to persons illiterate, blind or otherwise disabled:

"Any elector who declares, on oath, that, by reason of disability to read the English language, he is unable to mark his ballot, may declare his choice of candidates or party ticket to the clerk, who, in the presence of the judges, sheriff and challengers and the elector, shall, with his pencil, mark a dot in the appropriate place for the cross-mark, to indicate the choice of the elector. The clerk shall then fold and deliver the ballot to the elector, and instruct him to retire to the booth and there mark his ballot by making a cross-mark either in the squares showing dots or any other squares he may desire. In all other respects he shall vote as is required of other electors. In case any person applying to vote is blind, and shall so declare on oath, the clerk shall be allowed to mark his ballot for him in the presence of the other officers of election, and the challengers allowed by law; or, in case any person shall be so physically disabled as to be unable to mark his ballot, and shall so declare, on oath, the clerk shall have the right to mark his ballot as in the case of a blind person applying to vote." Section 1475, Kentucky Statutes.

Unless the voter is sworn and declares on oath that he is blind or so physically disabled as to be unable to mark his ballot, the officer has no right to mark his ballot

for him, and if he so marks the ballot it is not a secret ballot as provided by the Constitution and cannot be counted. Marilla v. Ratterman, 209 Ky. 410.

By section 1466, Kentucky Statutes, it is provided that instructions for the guidance of electors in preparing their ballots shall be furnished. From the proof in this case it would seem that the plain directions of the statute against voting on the table were ignored by the election officers in many of the precincts, and the same thing appears in other cases recently before the court. There is need that the election officers and the voters should be clearly instructed on this subject, but the Constitution can not be ignored by this court, and though hard cases like this may occasionally arise, the only remedy is the better enforcement of the law. We are persuaded that in this case neither the voters nor the election officers realized that they were violating the law.

Judgment affirmed.