## Nunnelly v. Doty.

(Decided October 23, 1925. Rehearing Denied with Modification October 30, 1925.)

## Appeal from Warren Circuit Court.

1. Elections—Persons Voting Against Part of Party's Nominees at Last Election Not Qualified to Vote in Party Primary.—Under Ky. Stats., section 1550-19, providing that voter must be a member of party for whose nominees he intends to vote, a person offering to vote in a party primary must be affiliated in good faith with party, and is not qualified if he voted against part of nominees of his party at last election.

2. Elections—Infant Disqualified—An infant cannot vote.

3. Elections—If Precinct Line Runs Through House of Voter, he Must Elect His Precinct.—A voter must be a resident of precinct, and if precinct line runs through his house he may elect to vote in either precinct, and option once exercised is final.

4. Elections—Party Must Vote in Precinct in which House he Lives in Stands, Though Majority of Farm is in Other Precinct.—A party must vote in precinct in which house he lives in stands, though majority of farm is in another precinct.

5. Elections—Where Precinct Lines Are Unknown, Proof Must be Clear to Disfranchise Voter.—Where lines of precinct have never been run out, or have been lost, weight will be given to fact that party has voted in precinct without objection, paid taxes, and used schools, and proof must be clear to disfranchise voter.

6. Elections—Residence Not Lost by Temporary Absence Without Intention of Not Returning.—A voter residing in a precinct in good faith does not lose residence by temporary absence for business, but will lose it by moving without intention of returning, and if he intends to return it must be continuous and reasonably shown.

7. Elections—Voting on Table Not Permitted Unless Party is Sworn and Swears he is Blind or Physically Disabled.—A party may not vote on table without being sworn and swearing that he is blind or physically disabled to mark his ballot.

8. Elections—Secret Ballot is Not Voted Where Another Person is in Booth at Time.—A voter does not vote a secret ballot when another person is in the booth at the time, and such ballots will not be counted.

9. Appeal and Error—Exceptions to Depositions Not Ruled on or Requested to be Ruled on by Circuit Court Waived—Exception to depositions on ground that they were taken too late is waived when not ruled on nor requested to be ruled on by circuit court.

10. Appeal and Error—Objection to Depositions Cannot be Made for First Time on Appeal when Record Shows no Exception Thereto. —Objection to depositions cannot be made for first time on

appeal where record fails to show exceptions thereto, which cuts off all opportunity to amend pleadings.

THOMAS, THOMAS & LOGAN for appellant.

DENHARDT & HUNTSMAN and GARDNER K. BYERS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellant and appellee were opposing candidates for the Democratic nomination for justice of the peace in Bristow magisterial district of Warren county in the primary election held last August. Appellee received on the face of the returns 307 votes and appellant 309. Appellee filed notice of contest. The circuit court awarded the certificate to Doty. Nunnelly appeals.

The grounds of contest rest upon illegal votes cast on both sides. One of the grounds is that persons who were not Democrats were allowed to vote. Section 1550, subsection 19, Ky. Stats., after providing certain qualifications, provides as follows:

> "He shall, in addition to said qualifications, be a member of the party for whose nominees he intends to cast his vote, and shall have affiliated with said party and supported its nominees, and no persons shall be deemed to have affiliated with the party in whose primary he seems (seeks) to cast his vote, if he voted against the nominee or nominees of such party at the last general election."

A person offering to vote in a party primary is not qualified if he voted against the nominee or nominees of the party at the last general election. To be qualified he must have supported his party ticket and must have affiliated in good faith with the party. He is not qualified if he voted for one of the party's nominees and against others at the last election. Com. v. Carson, 171 Ky. 288. An infant cannot vote. The following votes should not be counted:

*For Nunnelly*—David Bratton, Mrs. Matt Bratton, Willie Harlow, Earl Canter.

*For Doty*—E. W. Harlan, Mrs. Nick White, Jim Ward, Mrs. S. Cook, W. A. Gott, Mrs. W. A. Gott, Tandy McGinnis, Mrs. Tandy McGinnis, Henry Wilson, Mrs. Henry Wilson, Tom Slaughter, Lillian Almond, James

Elkins, W. L. Gray, H. B. Gray, Roy Carrier, Robert Farley, Clay Watts.

A voter must be a resident of the precinct. If the precinct line runs through his house he may, at his option, vote in either precinct, unless excluded by the order of the court fixing the line, but when he once exercises his option this is final. He must vote in the precinct in which the house in which he lives stands, although the majority of his farm may be in another precinct. There is great contradiction of evidence as to the residence of many of the voters who are questioned. The lines of the precinct appear never to have been run out. The line between Warren county and Edmonson county, if ever run, was run many years ago and the survey has been lost. Under such circumstances no little weight must be attached to the fact that for a long time a person has voted in a certain precinct without objection; that he has paid taxes there and that his children have been enrolled in school for a long time. Under such circumstances the proof should be clear and definite as to the location of the line to disfranchise the voter. A voter who in good faith has resided in a precinct does not lose his residence there by temporary absence for business purposes. But he does lose it by moving from the precinct without intention to return. If he intends to return it is not required that he intends to return shortly, it is only required that his intention to return must be continuous and reasonably shown. Under these principles the following votes must be thrown out:

*For Nunnelly*—Clarence Howell, Mrs. Clarence Howell, F. A. Greathouse, Mrs. F. A. Greathouse, Roy Greathouse, Lois Greathouse, J. L. Cowles, Mrs. J. L. Cowles, Mrs. Robert Garrison, R. C. King, Mrs. R. C. King.

*For Doty*—Billy Edwards, E. C. Crick, Effie Bullock.

A voter may not vote on the table without being sworn, and swearing that he is blind or physically disabled to mark his ballot. The following votes cannot for this reason be counted:

*For Nunnelly*—Pat Whitaker, John Wilson, Mrs. Will Bratton, Mrs. Hayden Kirby, Mrs. Rosseau Harlow, W. R. Stovalls, Lonnie Furgeson, John Furgeson, Mrs. Will Britt.

*For Doty*—Isaac Whitehead, Charley Boyd, Mrs. Dewberry, Sarah Warnell, W. T. Graham, Mrs. P. J. Spinks, Mrs. Cordia Spinks, Justin Warnell.

A voter does not vote a secret ballot when another person is in the booth when his ballot is voted. Kentucky Stats., section 1471. For this reason the following votes cannot be counted:

*For Nunnelly*—James Bryant, Mrs. James Bryant, Luther Hendricks, Mrs. Luther Hendricks, W. M. Harrison.

*For Doty*—Sam Chambers, Mrs. Sam Chambers, H. E. Spinks, Clay Lewis, Anna L. Lewis.

Deducting these votes from the total vote of each of them gives Nunnelly a majority of seven votes.

The objections to other votes on the ground of non-residence cannot be sustained. See Stair v. Com., 194 Ky. 316.

The only exception to the depositions of Mr. and Mrs. Chambers is on the ground they were taken too late, and is an indorsement at the foot of each deposition, and this was waived when not ruled by the circuit court, and the court was not requested to pass on it. Fears v. United Loan, &c., Bank, 172 Ky. 255. We do not find in the record any exception to the deposition of A. C. Lewis, Mrs. A. C. Lewis, E. W. Harland and Clay Watts. The objection cannot be made first in this court. Such a practice cuts off all opportunity to amend the pleadings. But if we exclude these votes the result would not be changed.

Judgment reversed and cause remanded for a judgment in favor of Nunnelly as above indicated.