## Little v. Alexander.

(Decided Dec. 21, 1934.)

(As Modified on Denial of Rehearing March 22, 1935.)

WILLIAMS & ALLEN and LEEBERN ALLEN for appellant.

F. T. ALLEN and I. M. COMBS for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee Martha Alexander and the appellant Jacob Little were opposing candidates for the office of school trustee of subdistrict No. 26, Wolfe county, Ky. (which is known as the "Bear Pen" school district), at the school election held therein on July 14, 1934.

As soon as the polls were closed, the ballot boxes were delivered by the officers of the election to the county school superintendent, by whom they were later turned over to the county board of education, which

duly canvassed the returns. By this count the appellant Little was found to have received 45 votes, appellee Alexander 41, and Allen one vote, when a certificate of election was thereupon duly issued the appellant Little.

Contest proceedings were thereupon instituted by Martha Alexander in which she set out that certain named persons had cast and had counted their votes for appellant who were not entitled to vote in the election because of certain named disqualifications, to wit: That certain named persons who participated in the election and who voted for appellant were not legal voters in the district; that other named parties openly and illegally voted on the table for appellant in violation of the provisions of section 1475, Kentucky Statutes; and that yet another named person illegally voted for the appellant when he was at the time not of age.

To this petition the appellant (contestee below) filed answer denying the allegations of the petition and for counter ground for contest alleged that some ten illegal ballots had been cast, marked as voted for both candidates, which were by fraud or mistake of the board counted for the contestant Alexander; next, that a number of ballots had been cast and counted for her which were not signed by any officer of the election; also, that one ballot had been voted and counted for contestant from which the stub showing the voter's name had not been detached; and further he alleged facts tending to show the integrity of the ballots and asked a recount thereof and that he be adjudged elected by a majority of 25 legal votes.

Contestant replied denying the grounds and allegations of the counter contest and denying further that the ballot boxes had been carefully preserved or that a recount of the ballots would support appellant's claims with respect to same, and averred that the ballot boxes had been kept in the superintendent's office, which had not been kept locked so as to prevent people from entering and changing the returns, and that none of the ballots, except one, of those voted for contestant were marked as voted for both candidates, or that if they should later so appear, they were fraudulently so changed without her knowledge or consent since cast.

Voluminous proof appears in the record as taken by deposition, affidavits made, or agreed stipulation of facts.

Upon final submission of the case upon the issues thus joined, the court adjudged that there were cast, counted, and certified for the contestant, Martha Alexander, at this election 41 votes, but that one Arch Hollon voted openly for her and that his vote was illegal and should be deducted from the number of votes cast and certified for her, and adjudged that the contestant received 40 legal votes at said election. Further it adjudged that there were cast and counted for the contestee, Joeab Little, 45 votes at said election, but that 7 of said votes were illegal as they were cast for him by Swango Hollon, Dillar Barker, Millie Barker, Perlie Hollon, Mrs. Hiram Hollon, Peet Mossie, and Mrs. Peet Mossie, who did not reside in Bear Pen school district, and should be deducted from the 45 votes cast, counted, and certified for contestee, with the result adjudged that he had received but 38 legal votes and dismissed his counterclaim. Further the court adjudged that the contestant, Martha Alexander, had thus received a majority of the legal votes at said election and was thereby duly elected for the term to the office of trustee for school district No. 26.

Complaining of this judgment, the contestee, Joeab Little, has appealed, contending that the court erred in deducting these 7 votes adjudged illegally cast from the 45 votes cast and counted for him in the election for the reason, he contends, that it is the uniform rule that where the ground of contest is the casting of ineligible votes, it is incumbent on the contestant to prove not only that illegal votes were cast but that enough of these were voted for contestee to change the result of the election.

It may be conceded that such is the rule of law as stated by appellant and as was announced by this court in Drennan v. Roberts, 234 Ky. 574, 28 S. W. (2d) 735, and the later case of Hogg v. Caudill, 254 Ky. 409, 71 S. W. (2d) 1020; but we are of the opinion that this agreed rule was not overlooked or disregarded by the trial court as claimed in its adjudging that the 7 named votes found to be illegal should be deducted from the number of those cast and counted for him. The official count showed, as stated supra, that 45 votes had been cast and counted for the appellant, while only 41 had been cast and counted for appellee. Appellee contends that she met this burden of proof imposed upon her by the rule announced in the cases supra when she, with-

out contradiction, showed by the depositions, affidavits, and the agreed stipulation of the parties, that she had received the ballots of 43 legal voters in this election, none of whom were among the 7 parties named as having cast illegal votes in the election for appellant, and whose votes were adjudged deducted from the number of those cast and counted for appellant; that is to say that of the number of 40 adjudged legal votes cast for the appellee, not one of the named voters who it is proven and is uncontradicted cast their votes for her appear among the 7 parties adjudged to have illegally voted in the election for the appellant.

While the method here adopted by the contestant for showing that she received in the election 40 legal votes (by the affidavits and testimony of such alleged legal voters) was not properly competent as evidence of such fact, as such proof could have been stricken from the record upon objections and exceptions thereto when ruled on by the court, we yet find that while exceptions were filed by the contestee to this proof, the same were never ruled upon by the trial court. It may be admitted that a legal voter cannot be required to testify or to in any way disclose how he voted, as has been repeatedly held by this court in the cases of Siler v. Brown, 215 Ky. 199, 284 S. W. 997, Major v. Barker, 99 Ky. 305, 35 S. W. 543, 18 Ky. Law Rep. 104, Commonwealth v. Featherston, 33 S. W. 401, 17 Ky. Law Rep. 1020, Commonwealth v. Barry, 98 Ky. 394, 33 S. W. 400, 17 Ky. Law Rep. 1018, and others. And had the appellant, or contestant, secured timely ruling as to the competency of this testimony, disclosing for whom these 40 legal voters had cast their votes, the same, if such ruling had been adverse to him, would not be available upon review here for reversal. However, while the record discloses that exceptions were filed to this testimony, it is not shown that any ruling by the trial court was ever made thereon. In Tackitt v. Newsom, 186 Ky. 188, 216 S. W. 376, the rule was announced that on appeal this court will not consider alleged error in admission of evidence, where objection to answer of witness was waived by not requiring court to rule upon it, and also in Hale v. Hale, 189 Ky. 171, 224 S. W. 1078, it was announced that an objection to incompetent testimony will be deemed waived on appeal unless the objector insists upon the objection being acted upon by the court. See, also, Nunnelly v. Doty, 210 Ky. 642.

276 S. W. 152, and Moss Federal Coal Co. v. Rhea, 215 Ky. 18, 284 S. W. 100. Further, this objection is not now before us for consideration for the reason that same was not pointed out and argued by appellant in brief as grounds for reversal, as it is also the rule in such case that errors alleged as grounds for a new trial, but not assigned in appellant's brief, will be treated as having been abandoned by him. Louisville & N. R. Co. v. Woodford, 152 Ky. 398, 153 S. W. 722, rehearing denied 153 Ky. 185, 154 S. W. 1083; Peake v. Thomas, 222 Ky. 405, 300 S. W. 885. It follows that this objection to contestant's mode of establishing the 40 votes cast for her, while not properly admissible, cannot yet at this time be considered or judgment reversed therefor.

We are for such reason led to conclude that the votes of the 7 named parties alleged and adjudged to have been illegally cast for the appellant were sufficiently established by this proof, excluding these voters from the number of those who voted in the election for appellee.

Appellant further contends that the evidence did not sustain the finding of the chancellor that the 7 named parties whose votes were deducted from those received by him were illegal upon the ground of their alleged nonresidence within this school district. The evidence as to this is conflicting. These said parties testified that their residence was within the district, and the testimony of the county school superintendent is given for the purpose of corroborating their testimony. It is alleged that the boundary of the district as established by him includes their residences, but the superintendent's testimony fails to set out with any definiteness where the boundary line runs, as he states that the record showing its boundary was destroyed when the courthouse was burned some years ago and that since that time he has depended, for his determination of those living within the district, on the school census taken of those claiming to live within it and that except for one or two special orders since made by him he does not himself know where the boundary line of the district runs. As against this there is the testimony given by appellee's witnesses, who state that they helped to run off the boundary lines of the district when it was officially established, that they know definitely where the line runs and all those who voted in this election who live outside of it, and that the 7 named parties found

and adjudged by the chancellor to have cast illegal votes were in fact well known by the witnesses to be nonresidents of the district. We are not inclined to disturb the finding of the chancellor upon this conflicting evidence, when we are thus left in doubt by the evidence as to the true residence of these adjudged illegal voters.

Appellant further contends that where a vote is sought to be disregarded on the ground of open voting, it is necessary to allege and prove the nonexistence of facts which under section 1475, Kentucky Statutes, authorizes certain persons to vote openly. This was substantially so held in the case of Kean v. Whittle, 210 Ky. 273, 275 S. W. 818, syllabus 5 thus summarizing its holding:

"Voter must declare on oath that he is blind or physically disabled to have officer mark ballot for him"

and further, by syllabus 4, it is stated, that the holding of the court in that case is:

"Election must be by secret official ballot, the only exception in case of persons illiterate, blind or in any way disabled."

In observance of this rule, the vote of Arch Hollon, charged by appellant to have been openly voted for appellee in violation of this rule, was adjudged to be deducted from her vote, although several votes charged by appellee to have been openly voted for appellant were not deducted from the number of those adjudged legally cast for him, from which it must be inferred that the court's refusal to throw out these votes was because of failure of the evidence to show that they were so voted, rather than because of its failure to observe the rule.

Some of the officers of the election and representatives of the candidates watching the count testified that the official count was in every respect fair and that only ballots as to which they all agreed were cast for either of the rival candidates were counted for him or her; that the ballots which were spoiled were not counted for either; that the certain three "blotched" ballots found upon the count were agreed by all the election officers to have been cast for the appellee and were counted for her because of their conclusion that the same were not to be treated as spoiled ballots but that they had only been "blotched" in doubling them.

Upon a careful consideration of the whole record, we are led to conclude that the appellant has not been prejudiced in any of his substantial rights by the ruling of the learned chancellor dismissing his counter contest, nor in adjudging that the votes officially counted for him should be reduced by the 7 votes adjudged illegally cast and counted for him, or in adjudging upon such ground that appellee had received a majority of the legal votes cast and was the lawfully elected school trustee of the Bear Pen school district No. 26.

Therefore, its judgment is affirmed.