## EX PARTE PRESTON HENRY.

No. 7422. Decided March 22, 1939.
(126 S. W., 2d Series, 1.)

*Taylor & Storey and Hurst Leake & Burke,* all of Longview, and *Smith, Goldsmith, Adams & Bagby,* of Austin, for relator.

A legal voter cannot be compelled to testify, over his personal objection, for whom he voted in an election. Little v. Alexander, 258 Ky. 1119, 80 S. W. (2d) 32; McArtor v. State, 196 Ind., 460, 148 N. E. 477; 9 R. C. L. 1150; 20 C. J. 246.

*Oscar B. Jones,* District Attorney, *M. Neal Smith,* Assistant District Attorney, *Wynne & Wynee, Angus G. Wynne, Wm. A. Wade* and *Henry H. Harbour,* all of Longview, for respondent, the State of Texas.

A person who casts a ballot in an election in this State on a voting machine, where no record is made as to how that person voted, does not have the privilege of refusing to reveal for whom he voted, when testifying before a trial court that is vested with the jurisdiction to determine the legality of the vote and of the election. Ex parte Smith, 110 Texas 55, 214 S. W. 320; Ex parte Lee, 127 Texas 256, 93 S. W. (2d) 720; Dean v. State, 88 Texas 290, 30 S. W. 1047.

*Wilson, Ogden & Reichman,* and *F. B. Davenport,* all of Dallas, filed briefs as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an orginal habeas corpus proceeding instituted directly in this Court by Preston Henry to secure his release from imprisonment by virtue of a judgment of contempt en-

tered by the 124th District Court of Gregg County, Texas, and commitment issued by authority thereof.

This judgment of contempt and commitment grew out of the trial in the district court of the quo warranto action disposed of by us in cause No. 7510, A. J. (Archie) Wood, Plaintiff in Error, v. State of Texas ex rel. Claude A. Lee, Defendant in Error. 133 Texas, ——, 126 S. W. (2d) 4. We refer to that opinion for such statement as this opinion fails to make. We, however, will make a sufficient statement in this opinion to make it complete within itself.

It appears that A. J. Wood and C. A. Lee were rival candidates for the office of Mayor of the City of Gladewater, Gregg County, Texas, at an election held on April 5, 1938. As shown by the returns of such election, as declared by the proper authority, Wood received a majority of the votes cast, and was declared elected. Wood was duly installed in office. The State, upon relation of Lee, filed a quo warranto action in the above-mentioned district court to try title to such office, and to remove Wood and install Lee therein. Voting machines were used in conducting such election, for absentee voting as well as for voting on election day. Preston Henry was in all respects a qualified voter in the City of Gladewater. Henry voted absentee by going to the city clerk's office on a proper day before the election and registering his vote on the voting machine provided for that purpose. At the trial of the quo warranto action, Henry was placed on the witness stand and sworn as a witness. He was there asked to divulge whom he voted for for Mayor of Gladewater. He declined to disclose whom he voted for. The court ordered him to do so. Henry again declined, on the ground that under the Constitution he was guaranteed a secret ballot. Henry was not disrespectful to the court in any way, unless it can be said that the mere fact he refused to answer the question indicated, when so ordered by the court, constituted disrespect. The court adjudged Henry in contempt, fined him $100.00, and committed him to jail for three days. This proceeding followed. Henry is now at large on bail granted by this Court.

■ As already shown, Henry voted absentee by going to the city clerk's office and registering his vote directly on the voting machine. Henry was a qualified voter in the City of Gladewater, and his vote on the machine was legally voted. Henry was not actually absent on election day. There is no showing that he voted in any way, except absentee. Henry's vote was not illegal because he was not absent on election

day; neither was it illegal because voted on this voting ma-chine. Wood v. State, etc., supra.

From the statement we have made, it appear that we are here called upon to decide whether the district court, under the above circumstances, had the right or power to compel Henry, against his will, to divulge whom he voted for for Mayor at the election above mentioned. If the court had such power, Henry should be remanded. If the court was without such power, he should be enlarged.

■ Our very system of voting by ballot rests upon the prin-ciple that every voter must be absolutely at liberty to vote as he pleases, both as to men and measures, and no person or power has the right any where to question a legal voter's inde-pendent action, either at the time of voting or at any time thereafter. This rule goes to the extent "that a voter even in case of a contested election, cannot be compelled to disclose for whom he voted." Carroll v. State, 124 Texas Cr. App. 180, 61 S. W. (2d) 1005. We think it is practically the universal rule in this country that a legal voter cannot be compelled, over his personal objection, to testify for whom, or how, he voted at an election. 20 C. J., p. 246, sec. 339; 18 Am. Jur., p. 379, sec. 308; 9. R. C. L., p. 1150, sec. 142; Glenn v. Gnau, 251 Ky. 3, 64 S. W. (2d) 168, 90 A. L. R. 1355, Annotations 90 A. L. R. 1362; Sorsenson v. Sorsenson, 189 Ill. 179, 59 N. E. 555; Stevenson v. Baker, 347 Ill. 304, 179 N. E. 842; McArtor v. State, 196 Ind. 460, 148 N. E. 477; Little v Alexander, 258 Ky. 419, 80 S. W. (2d) 32; Major v. Barker, 99 Ky. 305, 35 S. W. 543. These authorities could be multiplied many times, but they are sufficient to demonstrate the rule.

■ Of course, we do not hold that it is not competent for a legal voter to waive his right to keep secret his vote and dis-close it on the witness stand. On the other hand, we hold exactly to the contrary. In other words, we hold that in an election contest, or quo warranto proceeding, such as this, any voter may himself waive his right to ballot secrecy and disclose on the witness stand how, or for whom, he voted. When he has done this, his credibility as a witness and the weight to be given to his testimony is for the jury, as in any other case. Savage v. Umphries (Tex. Civ. App.), 118 S. W. 893.

From what we have said above, it is evident that we hold that the trial court in this instance was without power to require this relator, over his protest and against his will, to

disclose whom he voted for for Mayor. He is therefore ordered enlarged.

Opinion delivered March 22, 1939.