**Lucky Kenneth KIRBY, Appellant,**

v.

**Richard E. WOOD et al., Appellees.**

**Richard E. WOOD, Cross-Appellant,**

v.

**Lucky Kenneth KIRBY et al., Cross-Appellees.**

Court of Appeals of Kentucky.

July 22, 1977.

Rehearing Denied Aug. 26, 1977.

Discretionary Review Granted Nov. 14, 1977.

Rees Kinney, Jarvis, Payton & Kinney, Greenville, for appellant.

C. Terry Earle, McGaw & Earle, Madison-ville, Thomas Shewmaker, County Atty., Greenville, for appellees.

Before COOPER, LESTER and WHITE, JJ.

COOPER, Judge.

This is an election contest brought pursuant to KRS 120.155. The facts are not in dispute. On November 2, 1976, in a regular school board election for District No. 5 in Muhlenberg County, plaintiff, Richard E. Wood received 527 votes and the defendant, Lucky Kenneth Kirby, the incumbent, received 704 votes. The sole basis for this action by Wood is that voting machine # 33506 in precinct No. 8 (Beechmont) malfunctioned in that it would not register more than nine votes, which was the number of votes registered on that machine for Wood, for the candidate occupying the place on the ballot where Wood's name appeared. The significance of the failure of machine # 33506 to function becomes apparent when the voting pattern and total votes in the precinct are analyzed.

There were two voting machines placed at precinct No. 8 in anticipation of a heavy voter turnout. According to the protective counter and the public counter, 441 persons voted on the "good" machine at precinct No. 8. Of these 441 voters, 400 (or 90%) voted in the school board race, 159 for Kirby and 241 for Wood. According to the protective counter and the public counter, 432 persons voted on the "bad" machine at precinct No. 8. Of these 432 voters, 172 were recorded as voting for Kirby and 9 were recorded as voting for Wood. This small number of votes in his favor caused Wood to formally request the Board of Election Commissioners to test the machine, pursuant to KRS 117.305. The Commissioners caused the lever opposite Kirby's name to be pulled 100 times and it registered 100 votes. Then, they caused the lever opposite Wood's name to be pulled 100 times and it registered 9 votes. The conclusion is inescapable that more than 9 persons voted for Wood on Machine # 33506. Thus, if Kirby received the proper number of votes on the "bad" machine; if the same percentage of persons who were registered as voting on the "bad" machine voted in the school board race as voted on the "good" machine (90%); and if Wood received all of those votes in excess of 181, the number actually tallied for Kirby and Wood, then Wood would have

received more than the 178 additional votes needed to be declared the winner. The question then arises as to whether Wood has a remedy and if so, what?

The trial court refused to allow Wood to introduce the testimony of persons who voted on the faulty machine in the Beechmont Precinct, and who were willing to voluntarily testify that they voted for Wood in the election in question, in order to have their votes counted for him. Wood contended that by this testimony he could have proven that he, in fact, received the greater number of votes cast in the election and should be declared the winner.

The trial court reached the conclusion that it could not be fairly determined who had won the election, so it declared there had been no election and that the office was vacant. Kirby appealed from that portion of the judgment which declared there was no election. Wood cross-appealed because the trial court refused to allow him to prove he was entitled to the office in question.

Two questions are to be considered by this Court, to-wit:

I. WAS THE TRIAL COURT IN ERROR IN REFUSING TO ALLOW WOOD TO INTRODUCE INTO EVIDENCE THE TESTIMONY OF PERSONS WHO VOTED ON THE FAULTY VOTING MACHINE IN THE BEECHMONT PRECINCT AND WHO WOULD VOLUNTARILY TESTIFY FOR WHOM THEY VOTED IN SAID ELECTION IN ORDER TO PROVE THAT WOOD IN FACT, RECEIVED A MAJORITY OF THE VOTES CAST IN THE SCHOOL BOARD ELECTION IN QUESTION?

II. DID THE TRIAL COURT HAVE JURISDICTION UNDER KRS 120.-165(4) TO DECLARE THAT THERE HAD BEEN NO ELECTION IN THE PRESENT CASE WHERE IT APPEARED FROM THE RECORD THAT A NUMBER OF VOTES SUFFICIENT TO AFFECT THE OUTCOME OF THE ELECTION WERE NOT COUNTED BECAUSE OF THE FAILURE OF A VOTING MACHINE TO PROPERLY REGISTER THE VOTES CAST ON IT?

■ It has long been settled that in the review of election matters courts of equity have no inherent power to try election contests. *Wilson v. Whitley, Kentucky,* 159 Ky. 69, 166 S.W. 775 (1914). Its jurisdiction to contest elections is purely statutory. *Gross v. Ball,* 258 Ky. 730, 81 S.W.2d 409 (1935).

■ Appellee's argument to permit testimony from various persons who would testify that they voted for him is persuasive, but again Kentucky law is well settled that voters will not be permitted to testify as for whom they voted. *Little v. Alexander,* 258 Ky. 419, 80 S.W.2d 32 (1934). The rationale for this holding is that it protects the integrity of the secret ballot, as well as the whole electoral process. If a person were permitted to testify, the Court would be relying upon voluntary witnesses, and could possibly be confronted with a one-sided distorted viewpoint.

We believe the trial court was *not* in error in refusing to allow persons to testify as for whom they voted. We affirm the lower court's holding to this extent.

The next question presented in this case concerns the jurisdiction of the trial court under KRS 120.165(4) to declare there had been no election due to the apparent failure of a voting machine.

This appears to be a case of first impression in Kentucky as the sole basis for the contests of the election is an allegedly defective voting machine. KRS 120.165(4) reads as follows:

If it appears from an inspection of the whole record that there has been such fraud, intimidation, bribery or violence in the conduct of the election that neither contestant nor contestee can be judged to have been fairly elected, the circuit court, or the Court of Appeals, on appeal, may adjudge that there has been no election. In that event the office shall be deemed vacant, with the same legal effect as if the person elected had refused to qualify.

All parties concede that the trial court did not have inherent power to decide the present election contest, that the sole jurisdiction of the trial court is conferred by statute.

Many cases have been submitted in this matter but none are in point, which leaves this court with the arduous task of construing KRS 120.165(4) as outlined above.

In order to accurately assess the letter of the statute it is necessary to define "fraud, intimidation, bribery and violence". Such definitions, as defined in *Black's Law Dictionary,* are as follows:

FRAUD. An intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right; a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury.

INTIMIDATION. Unlawful coercion; duress; putting in fear.

BRIBERY. The offering, giving, receiving, or soliciting of any thing of value to influence action as official or in discharge of legal or public duty.

VIOLENCE. Unjust or unwarranted exercise of force, usually with the accompaniment of vehemence, outrage or fury.

The definitions of these proscribed acts indicate their nature as being mala in se or involving moral turpitude. Consequently, a malfunctioning machine does not come within the language of the statute; and statutory jurisdiction is not conferred on the Court. The fact that jurisdiction cannot be exercised by a court in an election case in the utter absence of statutory authority has been recently confirmed by the Court in *Thompson v. Kenton County Board of Education,* Ky., 535 S.W.2d 68 (1975), where the Court of Appeals affirmed a lower court's dismissal of an action on the ground that there was no statute permitting the contest.

The only irregularity involved in this election contest was the malfunctioning of a voting machine as stipulated by the parties. Evidently, this situation was not contemplated by the legislature in the aforesaid statute. Since the Courts have no inherent power in equity in election contest cases, a circuit court may only acquire jurisdiction in cases such as the one at bar by an act of the legislature. It is the well recognized function of the courts to interpret laws and not to make them. It is our opinion that the opinion and judgment of the trial court constitutes judicial legislation which cannot be upheld.

It is our opinion that the trial court lacked jurisdiction to rule that there had been no election, that said case should have been dismissed for lack of jurisdiction.

The judgment is affirmed in part, reversed in part, and remanded for findings consistent with this opinion.

All concur.