F. W. MARKERT *et al., Appellants,* v. SUMTER COUNTY *et al., Appellees.*

1.  The jurisdiction of courts having general equity powers does not include mere election contests of any kind unless so provided expressly or impliedly by organic or statute laws.

2.  The method of determining a question of the removal of a county seat being left to the legislature there is no constitutional implication or necessity for the extension of equity jurisdiction to contests arising from the legislative method of fixing the location.

3.  The constitution and statutes afford no authority express or implied for extending the jurisdiction of courts of equity to contests arising out of statutory county site elections. If it is clearly made to appear that a plain legal duty has been violated, there is adequate remedy at law.

This case was decided by Division A.

Appealed from the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*J. C. B. Koonce* for Appellants.

*J. B. Gaines* and *Hocker & Duval* for Appellees.

WHITFIELD, C. J.—A bill in equity brought to test the validity and regularity of a statutory election to determine whether the county seat of Sumter county shall be moved from its present location was dismissed on demurrer and the complainants appealed. No specific equity independent of the election is alleged.

The jurisdiction of courts having general equity powers does not include mere election contests of any kind unless so provided expressly or impliedly by organic or statute laws. See 15 Cyc., 397; Moulton v. Reid, 54 Ala., 320; Jennings v. Joyce, 116 Ill., 179, 5 N. E. Rep., 534; Hamilton v. Carroll, 82 Md., 326, 33 Atl. Rep., 648; Hartt v. Harvey, 32 Barb. (N. Y.) 55. The absence of a statutory mode of contest does not give equity jurisdiction. Moore v. Hoisington, 31 Ill., 243; 10 Am. & Eng. Ency. Law (2nd ed.) 816.

It has been held that where the constitution expressly provides that a county seat shall not be located except by a majority vote in favor of it, that by implication jurisdiction is given equity courts to enforce the specific organic mandate. Boren v. Smith, 47 Ill., 482; People *ex rel.* v. Wiant, 48 Ill., 263; Dickey v. Reed, 78 Ill., 261; Gibson v. Supervisors of Trinity County, 80 Cal., 359, 22 Pac. Rep., 225. This bill is not brought to enforce the levy of a tax as a cloud on title where the holding of the election to authorize the levy was required by the constitution as in Pickett v. Russell, 42 Fla., 116, 28 South. Rep., 764.

As to the removal of county seats Section 4 Article VIII of the Constitution provides that: "The legislature shall have no power to remove the county seat of any county, but shall provide by general law for such removal." The legislature by general law requires an election to be conducted in the usual manner prescribed by law for holding general elections to determine a proposed

change of the county site, and expressly provides that the county commissioners of the county shall publicly canvass the returns of the election, "and the place receiving a majority of the number of the votes cast at such election shall be the county site of said county for ten years." Secs. 831 et seq., Gen. Stats. No provision is made for a review of the election by a court of equity, and there is no fair implication of a legislative intent to extend the judicial power of equity courts to contests growing out of such elections. The constitution does not provide for a majority vote for the removal of a county seat, but only requires that the legislature "shall provide by general law for such removal." The method of determining a question of the removal of a county seat being left to the legislature there is no constitutional implication or necessity for the extension of equity jurisdiction to contests arising from the legislative method of fixing the location. See Mendenhall v. Denham, 35 Fla., 250, 17 South. Rep., 561. This is unlike the case of Lanier v. Padgett, 18 Fla., 842, where an alleged unauthorized official act was threatened.

Article XIV of the constitution provides for elections to exclude by a majority vote the sale of intoxicating liquors in any county of the State. Even here where a majority vote is required by the constitution the legislature has expressly provided that courts of equity shall determine the validity and regularity of such elections. Sec. 1216 Gen. Stats. of 1906. The omission to provide for equity jurisdiction to review county seat elections in view of the organic mandate that the method of removal shall be provided by the legislature is significant.

The constitution and statutes afford no authority express or implied for extending the jurisdiction of courts of equity to contests arising out of statutory county site elections.

If it is clearly made to appear that a plain legal duty has been violated, there is adequate remedy at law. See D'Alemberte v. State *ex rel.* Mays, 56 Fla., 162, 47 South. Rep., 489; Paine on Elections, Chapter 927.

The decree dismissing the bill of complaint is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.