## Wilson, et al. v. Whitley, Kentucky, et al.

(Decided May 19, 1914.)

### Appeal from McCreary Circuit Court.

1. Elections—Contest—Jurisdiction of Courts—Courts of equity have no inherent power to try contested elections, but can only exercise such power where it has been conferred by express enactment or necessary implication therefrom.

2.  Elections—Contest—Location of County Seat—Section 7, Chapter
    46, Acts 1912—Application of General Election Law.—The ex-
    pression in Section 7, Chapter 46, Acts 1912, providing that an
    election held to locate the county seat of the new County of Mc-
    Creary shall be "conducted in all respects under the general
    election law" is not broad enough to make the contest provisions
    of the general election law relating to officers applicable to a
    contest resulting from an election held under the act in question.

L. G. CAMPBELL and H. C. GILLIS for appellants.

DENTON & FLIPPIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

By an act approved March 12, 1912, the new county of
McCreary was created. Acts 1912, chapter 46, page 184,
section 7, of that Act, is as follows:

The seat of government or county seat of said county
shall be located at such place as may be selected by the
voters of said county. It shall be the duty of the county
court of said county, by order entered of record, to call
an election to be held, and to direct a poll to be opened
at the various voting precincts in said county, which call
shall be made as soon after the establishment of the
voting precincts by the commission as above directed,
as is practicable, and within ninety days after this act
shall take effect and be in force. At said election the
proposition for locating the county seat shall be submitted
to the legal voters of said county. It shall be the duty
of the county court, by orders entered of record, to direct
the sheriff of the county to advertise the said election and
the object thereof for at least thirty days before the day
thereof, in all newspapers published in said county, and
if none shall be published therein, then by printed hand-
bills posted up at not less than four of the most public
places in each precinct and at the door of the building
temporarily used for a court house. The officers of said
election shall be appointed by the county court, and the
county court shall also provide for the form of the ballot
to be used at such election. It shall be the duty of the of-
ficers of said election in each voting precinct to hold said
election for county officers, and said election shall be
held during the same hours they are required by law to
hold election, and conducted in all respects under the
general election law, except that the county court and the
two magistrates residing nearest to the temporary seat

of government shall constitute the board for canvassing the returns of said election and certifying the result thereof. The place receiving the highest number of legal votes cast at said election shall be the location of said seat of government or county seat, and the result of such election shall be certified to the county clerk of said county by the said board of canvassers and shall be spread by him on the order book of his office, and copy thereof mailed to the Secretary of State.''

Pursuant to the above section an election was held at the regular November election in 1913. Only two towns entered the contest and submitted their claims at the election. These were Pine Knot and Whitley. Of the votes cast, Whitley received a majority of 184, and was awarded the certificate of election.

J. J. Wilson and others, citizens and taxpayers of McCreary County, who favored the location of the county seat at Pine Knot, brought this action in equity for the purpose of contesting the election. A demurrer to the petition was sustained, and the petition dismissed on the ground that the court was without jursdiction to try the contest. The contestants appeal.

This is an election contest pure and simple. No other question or rights are involved. It is the established doctrine in this state that courts of equity have no inherent power to try contested elections, but can only exercise such power where it has been conferred by express enactment or necessary implication therefrom. Pflanz v. Foster, 155 Ky., 15; Harrison v. Stroud, 110 S. W., 828; Patterson v. Knap, 125 Ky., 471. In many other jurisdictions the same rule is followed. McCreary on Elections, 3rd Ed., Sec. 351; 15 Cyc., 394; 10 Am. & Eng. Ency., 816; Markert v. Sumpter County, 53 Southern, 613.

The act in question does not provide for a contest. It does provide that the election shall be ''conducted in all respects under the general election law, except, etc.'' It is insisted that as contest proceedings in the courts are authorized by the general election law, the power of courts to hear and determine this proceeding is necessarily implied from the language that the election shall be conducted in all respects under the general election law. In the case of Pflanz v. Foster a similar question was presented. The question was whether or not the contest provisions of the general election law applied to an election contest arising under the primary election law.

It was so insisted because the primary election law contained the following provision: ''Except as herein otherwise provided, primary elections under this act shall be conducted substantially as now provided by law in case of regular elections.'' This contention was rejected on the ground that the above language of the primary election law related solely to the manner of conducting the election. In the case of Clark v. Jack, 60 Ala., 271, the same question was presented. A county seat removal election was held. The act under which the election was held contained no special provision for a contest. It did provide that the general conduct of the election was to be governed by the same rules applicable to general elections. Inasmuch as the general law provided a mode of contesting elections held under it, it was contended that the county seat removal election might be contested under those provisions. It was held, however, that as the general election law regulating contested elections was confined solely to the election of persons to office it was not applicable in that case, and consequently no statutory authority existed for the contest of such election. For the same reason we conclude that the clause in question is not broad enough to make the contest provisions of the general election law, which relate solely to the election of officers, applicable to an election arising under the act in question.

Judgment affirmed.