# Dodge v. Johnson.

(Decided October 30, 1925.)

## Appeal from Fayette Circuit Court.

1. Elections—Right to Contest Primary Election Statutory.—The right to contest either a general election or a primary election must be established by statutory authority, given either expressly or by implication.

2.  Elections—General Election Law, Governing Contest in Primary Elections, Inapplicable to Election of Commissioner in Second Class City.—General law, governing contests of primary elections (Kentucky Statutes 1550-1, 1550-28), does not of itself authorize or govern contests arising out of primary elections under section 3235c-1, et seq., for office of commissioner in city of second class.

3.  Elections—Provisions of General Law, Governing Contest of Primary Elections, Held Not Incorporated by Reference in Act Providing for Commission Form of Government for Second Class Cities.—The provisions of general law, governing contest of primary elections (Kentucky Statutes, section 1550-1, et seq.), held not incorporated in act providing for commission form of government in cities of second class (section 3235c-1, et seq.), irrespective of provisions of section 3235d of latter act.

FORMAN & FORMAN and R. W. KEENON for appellant.

MAURY KEMPER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under the commission form of government for cities of the second class, there is held each year in which commissioners are to be elected at the the general election, a primary election on the third Saturday preceding such general election. Both the primary and the general elections are conducted with the nonemblem ballot. Any person possessing the necessary qualifications can, by filing the requisite papers, have his name placed on the primary ballot. The voters in such primary elect as nominees double the number of commissioners to be elected at the following general election. See Kentucky Statutes, section 3235c-1, et seq.

On October 17, 1925, there was held in the city of Lexington, which is now under the commission form of government, a primary election in accordance with the foregoing law. Ten names appeared on the primary ballot, of which the eight who received the highest number of votes in that primary were awarded certificates of nomination for the general election in which four commissioners are to be elected. On the returns of the primary as certified the appellee was the eighth man in the number of votes received, he getting 1,798 votes, and the appellant was the ninth man, he getting 1,796 votes. Appellant later instituted this contest against appellee on the grounds that the election officers had through fraud or mistake counted the ballots erroneously; that they had

counted illegal votes for appellee and failed to count legal votes for appellant; and that a recount of the ballots would show that he had received more legal votes than the appellee. The appellee, without entering his appearance to this contest, filed a motion to quash the notice of contest and return of the sheriff on the ground that the court was without jurisdiction to hear or determine the subject matter of the proceeding. This motion the court sustained and dismissed the appellant's contest. From this judgment appellant brings this appeal.

The sole question before the lower court and this one is whether or not there is any provision in our law providing for a contest of a primary election for the nomination of commissioners for cities of the second class. At the outset it is conceded that the right to contest either a general election or a primary election is not inherent in the candidate, and that he must establish such right by statutory authority. In Pflanz v. Foster, 155 Ky. 15, 159 S. W. 641, this court held that there was no inherent power in the courts to pass upon the validity of elections or to try contested election cases; that such power is derived wholly from statutory authority and must be given expressly or by necessary implication. In Patterson v. Knapp, 125 Ky. 474, 101 S. W. 379, we said:

"Courts of equity have not inherently, and had not at common law, the jurisdiction to try contested election cases. Nor have any other courts, for that matter. Such jurisdiction exists only when it is conferred by statute. However desirable it may be that some tribunal should be provided in which a contest might be instituted and tried, be the matter involved either the selection of public officials or the imposition of a tax upon the people by the vote of the electors, that is a question that addresses itself to the discretion of the legislature."

To the same effect is Bass v. Katterjohn, 194 Ky. 284, 239 S. W. 53. It is next conceded that in the act providing for the manner of nomination and election of commissioners of cities of the second class no express provision is made for contests arising out of the primary election.

With these concessions made, two questions, then, confront us: First, does the general law applicable to contests arising out of general primary elections itself authorize and govern a contest of such a primary elec-

tion as is involved here? Secondly, if not, are its provisions incorporated by reference in the act providing for the commission form of government for cities of the second class, and especially by section 3235d of such act?

The general law governing contests of primary elections is found in chapter 7 of the Acts of 1912, now section 1550-1, et seq., of the Kentucky Statutes. The title to this act reads as follows:

> "An act to provide for the nomination of candidates by political parties at primary elections and for placing the names of candidates on the ballots to be voted for at general elections and prescribing penalties for the violation thereof."

From this title it is clear that the act is meant to govern the nomination of candidates by political parties at primary elections. Looking to the act creating the commission form of government, we find that candidates for commissioners are not candidates of any political party. Their names appear both on the primary ballot and on the general election ballot without any emblem attached thereto. It is specifically made unlawful for any election officer or other person in the election booth to tell or to indicate by word of mouth or otherwise to a voter what the political affiliation of such commissionership is. Kentucky Statutes, section 3235d. Next, section 1 of this chapter 7 of the Acts of 1912, now Kentucky Statutes, section 1550-1, is as follows:

> "Hereafter all candidates for elective offices to be voted for at any general election shall be nominated:
>
> "(1) By a primary election held in accordance with the provisions of this act, or
>
> "(2) By certificates of nomination signed and filed as herein provided. The provisions of this act shall not apply to candidates for trustees of common schools or members of school boards nor to trustees in towns of the fifth and sixth classes nor to candidates for presidential electors, but such candidates for such offices shall be nominated and have their nominations certified as now, or may be hereafter provided by law. This act shall not be construed to repeal or affect in any way an act entitled, 'An act to amend an act entitled 'An act for the government of cities of the second class in the Common-

wealth of Kentucky,' approved March 21, 1910, chapter 50, Acts 1910.''

This section expressly provides that it shall not be construed to repeal or affect in any way the act creating the commission form of government in cities of the second class. Appellant argues, however, that the language of the act does not in itself exclude from its operation such commissioners of cities of the second class. It is argued that when this section is dealing with school trustees, presidential electors and trustees of towns of the fifth and sixth classes, it says that "it shall not apply" to such officers, whereas when it comes to deal with cities enjoying the commission form of government it reads "shall not be construed to repeal or affect in any way" the law creating such form of government. In Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21, in passing upon the constitutionality of this primary election law, of which this section is a part, this court, in answer to the contention there made that the law was unconstitutional because it excepted from its operation presidential electors, school trustees, etc., said:

> "It is presumed that the legislature had sufficient reasons to believe that no such protection was needed in the selection of school trustees, members of school boards, when elected by separate ballots, and it therefore excluded them from the operation of the act; but, if it should find in the future that there is a necessity for including them, it can do so by amendment. They are not what are known as 'political jobs.' The emoluments thereof are small, and there is nothing to induce any one to want to control the nominations. The same reasons apply to the trustees of fifth and sixth class towns, and to mayors and commissioners of the second class cities that have adopted the commission form of government.''

Thus it appears that we then were of the opinion that this primary act did not apply to the nomination of commissioners of second class cities.

The machinery, manner and method of contest of general primary elections are governed by section 28 of this act, being section 1550-28. This section begins thus:

> "Any candidate wishing to contest the nomination of any other candidate who was voted for *at any primary election held under this act shall give*''

the prescribed notice in writing, etc.  It would thus appear that the right, the method and the machinery of contest are all confined to nominations made under the provisions of such primary act.  Therefore, as the title to the act confines its provisions to nominations made by political parties, which is not the case here, as its first section excludes from its operation nominations of commissioners of cities of the second class, and as its twenty-eighth section, being the contest section, is confined to primary elections held under the act, we conclude that this general law does not itself authorize or govern a contest like the one before us.

Are its provisions, however, incorporated by reference in the act providing for the commission form of government for cities of the second class?  Appellant contends that they are and relies on section 3235d of the Kentucky Statutes, which reads as far as applicable:

> "The provisions for (sic) the general election law of the state of Kentucky as to the duties of the county clerk and other public officers in the manner of printing and distributing ballots, of the issuing of them to the voters, of receiving and depositing them in ballot boxes and of counting and preserving them, and in all other particulars except as otherwise provided herein shall be applicable in all respects to the election of the municipal officers under the provisions of this act."

It will be noted, first, that this section does not refer to the provisions of the *primary election* law but only to those of the general election law.  Further, that it was not meant by this provision of section 3235d to incorporate any of the contest provisions of the general primary law seems plain to us.  Primary elections for the nomination of commissioners are held on the third Saturday preceding the general election.  There thus intervenes between such primary election and the general election but seventeen days.  The machinery of contest set up in section 1550-28 provides that notice and grounds of contest may be executed any time within five days after the election certificate of nomination is awarded to the candidate. The contestee can not be required to answer before three days after such notice and he may have as many as ten days if the contestant so elects.  After the issues are joined each side has not less than five days to take its proof,

with the right of one additional day on each side for re-buttal, and then, after the judgment is entered, a right of appeal to this court. It is obvious that no contest could practically be tried according to the provisions of this act in the seventeen days, including Sundays, which elapse between the primary election for commissioners and the general election. The whole method and machin-ery thus set up is so at variance with the situation pre-sented in cases of nominations for commissioners as here that we cannot believe the legislature meant to in-corporate these provisions by reference in section 3235d, *supra.*

It therefore follows that the legislature has failed to provide any statutory authority for contesting primary elections for the nomination of commissioners of cities of the second class. Although this creates a hiatus in the law, which may be regrettable, that is a matter which ad-dresses itself to the legislature and not the courts. As well said in the case of Bass v. Kattejohn, *supra:*

"However much we may regret the failure of the General Assembly to provide a means for con-testing elections of the kind under consideration, we must hold, as we have held in a long line of cases, that courts of equity have no jurisdiction to hear and determine a contest in the way and manner at-tempted in the McCracken circuit court."

The judgment of the lower court being in accordance with these views, it is affirmed. The clerk will issue the mandate forthwith.