## Gabbard, et al. v. Roberts, et al.

(Decided June 10, 1927.)

### Appeal from Jackson Circuit Court.

1.  Elections.—In absence of statutory authority given expressly or by necessary implication, courts have no inherent power to pass on validity of elections, or to try contested election cases.

2.  Animals.—Provision of Ky. Stats., section 4650, that notice of contest of election determining whether cattle shall be permitted to run at large on public highways and uninclosed lands in county, shall be served on at least five persons who voted on opposite side in the election, held invalid under Constitution, section 147, providing for election by secret ballot.

3.  Animals.—Provision of Ky. Stats., section 4650, authorizing contestants of election determining whether cattle shall be permitted to run at large on public highways and uninclosed lands in county to make any five persons who voted on winning side contestees and thus place on them the cost of contest proceeding, held violative of Constitutional guaranty of equal protection of laws.

4.  Animals.—Ky. Stats., section 4650, providing for contesting elections determining whether cattle shall be permitted to run at large, being unconstitutional and being the only statute authorizing such election contests, petition to contest election resulting in favor of permitting cattle to run at large was properly dismissed.

A. W. BAKER and J. J. DAVIS for appellants.

BEGLEY & MOORE for appellees.

Opinion of the Court by Judge Dietzman—Affirming.

In November, 1926, an election was held in Jackson county on the question whether cattle should run at large on the public highways and uninclosed lands of that county. A majority of the votes being in favor of prohibiting cattle so running at large, this suit contesting that election resulted. Section 4650 of the Kentucky Statutes provides for the manner and method of contest in cases of this character, and, so for as pertinent, reads:

"The result of the election may be contested in the manner provided for the contest of elections held for county officers, except that notice of the contest shall be signed by at least five persons who voted at the election and shall be served upon at least five persons who voted on the opposite side at the election, and costs shall be recovered by the prevailing party as in other cases of contested election for county officers."

The appellants who are the contestants made the nine appellees the contestees and served the notice of this contest upon them. In the petition appellants averred that the contestees had voted for the winning side in the November election. In their answer filed the contestees inter alia traversed that fact and asked that the appellants' suit be dismissed. The appellants took proof to sustain the grounds of contest set up in their petition and also to sustain their charge that the contestees had voted for the winning side. They were able to prove that the contestees had worked for the winning side at the election, but of course the only way they could prove how the contestees actually voted in the election, it being by secret ballot, was to take the depositions of the contestees themselves. This the appellants did, but the contestees declined to state how they had voted in the election. The contestees took no proof. On final submission the court dismissed the appellants' contest, and they have appealed.

In the absence of statutory authority, given either expressly or by necessary implication, courts have no inherent power to pass upon the validity of elections or to try contested election cases. In the case of Wilson v. Town of Whitley, 159 Ky. 69, 166 S. W. 775, there was involved the regularity of an election held for the purpose

of locating the county seat of McCreary county in 1913. A demurrer was sustained to the petition, and the suit was dismissed on the ground that the court was without jurisdiction to try the contest. On appeal, this court said:

"This is an election contest pure and simple. No other questions of rights are involved. It is the established doctrine in this state that courts of equity have no inherent power to try contested elections, but can only exercise such power where it has been conferred by express enactment or necessary implication therefrom. Pflanz v. Foster, 155 Ky. 15, 159 S. W. 641; Harrison v. Stroud, 129 Ky. 193, 110 S. W. 828, 33 Ky. Law Rep. 653, 16 Ann. Cas. 1050; Patterson v. Knapp, 125 Ky. 471, 101 S. W. 379, 31 Ky. Law Rep. 108. In many other jurisdictions the same rule is followed. McCreary on Elections (3d Ed.) section 351; 15 Cyc. 394; 10 Am. & Eng. Ency. 816; Market v. Sumter County, 60 Fla. 328, 53 So. 613, Ann. Cas. 1912C, 690.

"The act in question does not provide for a contest. . . . We conclude that the clause in question is not broad enough to make the contest provisions of the general election law, which relate solely to the election of officers, applicable to an election arising under the act in question."

To the same effect are Bass v. Katterjohn, 194 Ky. 284, 239 S. W. 53, Elliott v. Garner, 140 Ky. 157, 130 S. W. 997, and Dodge v. Johnson 210 Ky. 843, 276 S. W. 984.

The only statutory authority for contests of elections such as the one here involved is found in section 4650 of the Statutes above set out. If that section in so far as it provides for such a contest be invalid, then it follows that the courts have no authority to try this contest, and the lower court did not err in dismissing appellants' petition.

Section 147 of the Constitution provides:

"All elections by the people shall be by secret official ballot, furnished by public authority to voters at the polls, and marked by each voter in private at the polls, and then and there deposited. The word 'elections' in this section includes the decision

of questions submitted to the voters, as well as the choice of officers by them.''

We have held that, in the light of this constitutional provision, a legal voter cannot be compelled to state how he voted in an election. Siler v. Brown, 215 Ky. 199, 284 S. W. 997; Major v. Barker, 99 Ky. 305, 35 S. W. 543; 18 Ky. Law Rep. 104; Hager v. Robinson, 154 Ky. 489, 157 S. W. 1138. Section 4650 of the statutes provides that the notice of contest shall be served, not on those who favored the law, but on those who voted for the winning side. Unless the contestees should concede the point of how they voted—and whether they could do this we need not decide—it is plain that there is, under the Constitution and authorities cited, no way of determining that question, for no one knows how the contestees voted except the contestees themselves, and they cannot be compelled to state. It follows that section 4650 provides for the service of the notice of contest upon a class which cannot be constitutionally determined, and in so providing the Legislature exceeded its powers.

Further, section 4650 authorizes the contestants to make contestees any five out of all of those who voted for the winning side and thus to fasten upon them the cost of a contest proceeding. In this, the stock law contest statute differs from the old local option contest statute which provided for serving the notice of contest on the county judge. Then any group who desired to defend the contest could come in and do so. This procedure applies now with reference to contests of constitutional amendments. See sections 1539a-1 et seq. of the Statutes. Section 4650, however, does not make the matter optional with the contestees, but forces the contest upon them, and the costs of the contest willynilly. The contestees, chosen perhaps at random, and probably no more interested in upholding the winning side than the rest of the voters who voted that way, are under this section compelled to pay what might to some of them be the crushing expense of the contest. To so fasten the expense on them to the exclusion of the others who stand on the same plane with them plainly violates fundamental constitutional guaranties of equal protection of the laws. It results, therefore, that this provision of this section of the statute is also unconstitutional.

From the foregoing, it follows that section 4650 of the Statutes is invalid, and, being so, we have no stat-

utory authority for a contest of a stock law election. The lower court then did not err in dismissing the appellants' petition. However, as the judgment of the court may be interpreted to be a judgment on the merits of the contest, and inasmuch as it may be that any person aggrieved may possibly have the right by injunction or other proceeding, to enjoin the enforcement of this stock law on the ground that the election in November was possibly void because a possible jurisdictional prerequisite was lacking in that if the fiscal court fixed the magisterial district as a unit in April it was then possibly without power to change it to the county as a whole in the following October, all of which questions we expressly do not herein decide, we feel it proper in affirming this judgment to modify it so as to show that the appellants' petition was dismissed on the ground solely that there was no provision for a contest in the Statutes because of the unconstitutionality of the only statute authorizing it. See Keisker v. Bush, 210 Ky. 718, 276 S. W. 815.

Judgment affirmed.

Whole court sitting.