## Ray v. Spiers et al.

Feb. 2, 1940.

Hobson L. James, Jr., and Sidney L. Williams for appellant.

Faurest & Faurest for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On the 19th day of June, 1939, the county court of Hardin county—pursuant to a petition theretofore filed by it as permitted by Section 2554c-2 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes—ordered an election to be held in the town of Upton, Kentucky, on September 5, 1939, to take the sense of the people of that political unit as to whether or not spirituous, vinous or malt liquors "shall be sold, bartered or loaned therein." At the election a large majority of the votes were cast in favor of local option, and which fact was properly certified by the election commissioners of Hardin county

and proper orders made to put into effect the result of the election. Within the time required by law the appellant and plaintiff below, H. P. Ray, filed this action in the Hardin circuit court against the election commissioners of both Hardin and LaRue counties (the corporate limits of the town of Upton embracing parts of both), seeking to enjoin the putting into effect, as well as the enforcement of local option within the town, upon the ground that the election was void because (1) the order made by the county court of Hardin county was and is only for the holding of an election on the day named (September 5, 1939) in that area of the town of Upton lying in Hardin county, and it did not direct any election to be held in that part of the town lying in LaRue county, and (2) the county court of Hardin county possessed no jurisdiction to call the election.

Plaintiff averred in his petition that the larger part of the town, in area and territorially speaking, was in LaRue county, and also averred that a majority of citizens, as well as voters in the town, lived in its area lying in the latter county. It was furthermore averred by plaintiff that on the 7th day of August, 1939, at a special term of the Hardin county court the original order calling the election was attempted to be amended by striking therefrom the words "and in that part thereof lying in Hardin county" so as to make the call for the election embrace the entire territory covered by the corporate limits of the town, including that part lying in LaRue county. It was then averred that even if the county court of Hardin county had jurisdiction to make the original order calling the election (and which plaintiff construed to apply only to that part of the town lying in Hardin county), it yet had no jurisdiction at a special term of the court to enlarge that call so as to embrace that part of the corporate boundaries of Upton lying in LaRue county. It will therefore be seen that the attack made by plaintiff on the election did not relate to or draw in question any of the acts done by any officer having duties to perform with reference thereto following the entry of the order calling the election—the complaint being directed exclusively to the steps taken prior to and at the time of its entry, and the court's jurisdiction in the premises.

Defendants filed a special demurrer to the petition upon the theory that under the provisions of Section 2554c-13, providing for a contest of such elections, plain-

tiff was not a qualified contestant, since in order to be such he must under that section be a qualified voter in the affected territory, and that, since it appeared from plaintiff's petition (as well as an answer filed before final judgment) that he was neither a resident nor a voter in the town of Upton, although engaged in selling intoxicating liquors within the town with his place of business located in that part of its corporate limits lying and being in LaRue county. The court sustained defendants' special demurrer upon the theory that the action was a contest proceeding and, plaintiff declining to plead further, his petition was dismissed, followed by his prosecuting this appeal.

If this proceeding should be regarded and held to be an exclusive contest proceeding under the statute, supra, then defendants' position and the judgment of the court based thereon would have to be approved by us. However, we have declared in a number of cases—one of the latest of which is Hessler v. Garner, County Judge, 266 Ky. 507, 99 S. W. (2d) 461—that anyone interested in the result of a special election of the kind here involved may attack it upon a ground or grounds rendering it wholly invalid and void by and through an independent proceeding in equity, and when such an attack is made by an interested party upon such invalid grounds the contest section (2554c-13) does not apply, and of course the rights of the parties are not then governed by that statute. Other cases are cited in that opinion to the same effect, and the doctrine they announce is undoubtedly sound, since it would be little short of shocking to hold that a totally void election, materially affecting the rights of one who was not a citizen and voter within the territory affected thereby, would be compelled to submit and be governed by the status fixed by the election without any right of relief solely because he was not a resident or voter within the territory in which the election was held. It might be—and which is not impossible—that no resident or voter within the territory would institute—within the time prescribed by the contest statute—any proceeding to contest or in any manner set aside or annul the results of the election, and someone who happened to not reside therein would sustain as a result thereof total destruction of his business, and in many instances would also be largely destructive of his property. Moreover, the status produced by the election would thereby become

fixed upon the particular political unit notwithstanding the election, under all principles of law, would be wholly invalid. It was because of such consequences that the principle announced in the opinions, supra, was adopted and approved, and which is in accord with and attuned to the harmonious structure of the law to the effect that anything which is void is ineffectual and without binding force. We therefore conclude that the court erred in sustaining the defendants' special demurrer filed to the petition. No general demurrer was filed to it, but if there had been, the court, under our view of the case, would have been compelled to overrule it for reasons hereinafter stated. We will now take up for consideration and determination the two grounds of attack, supra, in the order named.

1. Ground (1) avers that the original order calling the election, made by the Hardin county court, required it to be held only in that part of the town of Upton embracing a portion of Hardin county, and did not require the election to be held throughout the corporate limits of the town, including that portion of its corporate boundary lying in LaRue county. There are some expressions in that order giving color to that interpretation, but when the entire order is read it is clear that it was the intention of the court for the election to be held throughout the entire area covered by the corporate limits of the town. To begin with some of the petitioners for the election were residents and voters of the LaRue county portion of the town; and the order recites "it is now ordered and adjudged that an election be held in the town of Upton and in that part thereof lying in Hardin County, Kentucky, on September 5, 1939, for the purpose of taking the sense of the legal voters of said town of Upton upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned in said town." Prior thereto the court determined in its order that the petitions were filed before it "for the purpose of taking the sense of the legal voters of the said town upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned in said town of Upton"—and finally the order directs the sheriff to make the statutory publication of the election by posting handbills containing notification thereof, but in some instances the order added these words, (or their substance) "and any part thereof lying in Hardin county, Kentucky." However, the lan-

guage of the order taken as a whole is clearly suscepti-
ble to the interpretation that the election was ordered
to be held throughout the town of Upton, and that it was
not the intention of the court in making it to confine the
election to only that part or portion of the corporate
limits of Upton lying within the county of Hardin. How-
ever, to remove all doubt (which most probably had be-
come the subject of discussion) by its correcting order
made on August 7, 1939, the court attempted to remove
that doubt as therein set out, but which could not then
be done, nor in that manner, if the original order was
ineffective. It is not claimed that any of the voters of
the entire town of Upton—including that part of it em-
bracing territory within LaRue county—were deceived
in any manner, or that the claimed ambiguous or con-
fused language employed by the court in its original
order calling the election prevented any voter in any
part of the town from casting his ballot at the election.
Therefore, the matters complained of are not shown to
have affected the result of the election in the least.

We are then confronted with the proposition wheth-
er or not we should construe the order calling the elec-
tion as confining it to that part of the territory of the
corporate limits of Upton lying exclusively within Har-
din county, or whether we should construe it as direct-
ing the election to be held throughout the corporate
limits of the town, and that, too, when the wording of the
order is much more persuasive that it was the intention
of the court to call the election to be held within the
entire town rather than to confine it to that portion occu-
pied by its corporate limits lying within Hardin county.
We have concluded that, in the circumstances, our duty
requires us to approve the clearly manifested purpose
of the Hardin county court to embrace, as the territory
within which the election was to be held, the entire cor-
porate limits of the town of Upton, and which conclusion
answers adversely Ground (1) relied on by plaintiff,
and brings us to a consideration and determination of
Ground (2).

2. The determination of Ground (2) is dependent
upon an issue of fact asserted by plaintiff in his petition
and denied by defendants in their answer. In the case
of Early v. Rains, 121 Ky. 439, 89 S. W. 289, 290, we
had before us the identical question involved in this
ground.

The local option election there involved was held

throughout the corporate limits of the town of Corbin, a part of which embraced territory within Knox county and a part of which embraced territory within Whitley county. The election was called by the county court of Whitley county. Local option was adopted and the plaintiff therein later filed his action against the proper defendants to have the election declared void, because it had been called by a court having no jurisdiction to do so. The section of the statute under which the election was called in that case was then numbered in our current statute as 2554, which, in substance, corresponds with our present statute, 2554c-2. In that case the greater portion of the territorial limits of the town of Corbin embraced a portion of Whitley county, the smaller portion of its area being in Knox county. In determining the legal questions presented, Judge O'Rear writing for the court discussed the object and purposes of the constitutional convention in adopting its Section 61, mandatorily requiring the legislature to provide for local option elections in certain units of the state government, including towns and cities. No express provision was contained in the then statute authorizing local option elections designating the court possessing jurisdiction to call them when the particular municipal unit occupied territory within two or more counties; but in as much as the legislature was authorized to pass no law whereby any of such units within the state would be deprived of the rights conferred by Section 61 of the Constitution, we said in that case that: "Unless it is true that the county court of the county *where the greater part* of a town or city may be situated can perform the function of passing on the petition and of directing the proper officers to conduct the election, then it would follow that the positive requirement of the Constitution allowing a city or town to vote on this question has been ignored. The true rule for construing statutes is to hold, where the language permits, that they intend to execute, rather than to evade constitutional requirements. We therefore read the provision of Section 2554, Kentucky Statutes 1903, viz. 'It shall be the duty of the county court in such county,' to mean the county wherein the town or city, *or the greater* part thereof, may be situated. Where a town or city is the unit, for the purposes of local self-government, and particularly upon the subject of licensing or prohibiting the liquor traffic, it is supreme and entire within its jurisdiction. It is so recognized by the Constitution and the statutes.

Whether it is in one county or another, or partly in two or more, is immaterial. For it is not the county, but the town, that is deemed the government in such matters. Votes affecting the rights and interests of the town as a municipality are taken, and its obligations are treated, entirely without regard to the county organization or government." (Our italics.)

Later in the opinion is was said: "It was the duty of the county court of Whitley county to order the election for the whole town of Corbin," etc.

The present Section 2554c-2, supra, is a re-enactment of the original Section 2554 in force at the time that opinion was written, the re-enactment being Chapter 1 of the Session Acts of 1936. In the re-enacted section the legislature incorporated nothing therein militating against the interpretation made by us in the Rains case, and under a well-known principle of law it is to be presumed that the re-enactment was made and done with the intention of incorporating that interpretation in the re-enacted statute.

Adopting that opinion as the only feasible interpretation in the circumstances, it follows that the election in this case should have been called by the county court of the county, the larger portion of whose territory was embraced by the town of Upton, since we interpret the Rains opinion as applying to area or territory and not to citizenship or electors. The pleadings as we have seen made an issue as to that fact which the court should try out and determine. If the determination should be that there was more territory embraced within the corporate limits of the town of Upton lying in Hardin county than in LaRue county, then the case should be determined against plaintiff and his petition should be dismissed. On the contrary, if it should be found that the larger part of the area within the corporate limits of the town of Upton was within LaRue county, then the petition should be sustained and the election declared void.

Wherefore, the judgment is reversed, with directions to set it aside and to overrule defendants' special demurrer filed to the petition, and for proceedings consistent herewith.

Whole Court sitting.