## Brashear v. Eversole, County Court Clerk, et al.

Nov. 1, 1940.

Roy Helm, Judge.

J. B. Eversole for appellant.

Barney W. Baker for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On August 16, 1940, the county court of Perry County, Kentucky, entered an order on its records calling an election by the voters in Viper voting precinct No. 45 in that County, to be held on the regular election day (November 5, 1940) for the purpose of determining whether or not the running at large of stock in that precinct should be prohibited. The order was based upon a petition signed by the requisite number of voters in the territory affected, theretofore filed with the county court clerk requesting such an election, and which proceedings were inaugurated and steps taken as is prescribed by Chapter 176, page 583 of the Session Acts of 1928, now Sections 4645m-1 to and including Section 4645m-8 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes.

This equity action was afterwards filed by appellant, R. Lee Brashear, as plaintiff below, against the appellee, Nancy Ann Eversole, clerk of the Perry county court, as defendant, asking injunctive relief restraining her from printing ballots to be used at the called election for the special purpose indicated. The relief was sought upon the ground that there was held an election for the same purpose in the same territory on the regular election day for 1937 at which a majority of the votes cast therein were in favor of the adoption of the stock law within that territory, whereby the running at large of stock was prevented, and that under the chapter and sections, supra, of our statutes, no succeeding election in the same territory or parts of it could be held (or in any way affect the results of the prior election) before the expiration of four years after the latter was held, and which would, perhaps, furnish a legal ground for the relief sought by plaintiff, provided the 1937 election was valid, and resulted in his

favor. If, however, that election for any cause was invalid it would be without effect and the same as if it had never been held or attempted to be held. The proposition is axiomatic and requires no argument in its support. After the filing of the petition, and before rendition of the final judgment appealed from, G. Lee Brashear, a voter and citizen in the territory to be effected, appeared and moved the court to allow him to join as a defendant in the action—which motion was sustained—and he, in conjunction with the county court clerk, filed both a special and general demurrer to the petition, but neither of which appears to have been acted on expressly although the eventual final judgment might be construed to have done so inferentially.

Without waiving either of those demurrers defendants answered admitting the holding of the 1937 election and the results thereof, but they averred that it was void because the county court—before which the petition was filed requesting it never made an order calling the election, and it was held without any such calling order ever having been made or entered. The answer furthermore pleaded that following that election plaintiff herein ignored it and permitted his stock to run at large within the involved area, and for which he was arrested and brought before the county judge for trial; but before he was tried he filed an action in the Perry circuit court enjoining the officers (whom he made defendants therein) from prosecuting him on the ground that the 1937 election was void for the same reason above set forth, and that the court on final determination sustained plaintiff's contention in that respect and adjudged that the 1937 election was void for the reason stated. However, the court in rendering that judgment declined to immediately enjoin the prosecution of plaintiff for the reason—as stated in the judgment—that to permit him to allow his stock to run at large at that time would result in injury and damage to his neighbors who had not fenced their premises under the belief that the stock law was adopted by the 1937 election, and that since they had pitched their crops at the time the judgment was rendered the burden of enclosing their premises against the depredations of stock running at large should not be put upon them at that time.

It is so clear that the court was without legal au-

thority to postpone the issuing of the injunction prayed for in that action for the reason advanced as not to require argument to demonstrate. However, such unauthorized postponement is quite beside the question, which was and is, whether or not the 1937 election was void, and which, as we have seen, was declared in the judgment, supra, to be true. It was further averred in the answer that an appeal had been prosecuted by someone from that judgment, which is now under submission, but not determined by this court. At this juncture we cannot refrain from wondering what either of the parties litigant in that action could accomplish by prosecuting that appeal to this court, since they all now agree—as is developed in this record—that the 1937 election was and is void because of the failure of the county court of Perry county to make an order calling it as requested by the petitioners therefor.

Copies of the orders and judgments made in the action filed by plaintiff to prevent his prosecution, as indicated, were filed as exhibits with the answer herein. The parties then filed in this action their stipulation of facts but without any reply being filed to the averments of the answer as outlined. In the stipulation the affirmative allegations of the answer referred to were expressly admitted to be true, and in which it was further stipulated that the ground of plaintiff's relief sought by him in this action is, that the election sought to be enjoined herein conflicts with the statute in that it is ordered to be held within four years following the 1937 election, and which is the sole ground upon which plaintiff bases his right to the injunctive relief prayed for. It was further stipulated that the invalidity of the 1937 election had been declared by the Perry circuit court as hereinbefore set out, but that an appeal had been taken to this court from that judgment. Furthermore, it was stipulated that defendants herein consented and agreed that the 1937 election was not only void but that it had been so declared by the Perry circuit court. So that, the net results of the pleadings filed by both plaintiff and defendants, as well as their stipulation of the facts, are to the effect that the 1937 election was void and that it had been so declared by the Perry circuit court. With the record in that condition this action was submitted for final determination by the trial court and it was adjudged that "The injunc-

tive relief sought by the plaintiff, R. Lee Brashear in this case is denied," from which plaintiff, treating the order so made by the court as a final one dismissing his petition, prosecutes this appeal.

For the purpose of strict clarity it, perhaps, should be said that there was also held on the same day in 1937 an election for the same purpose throughout Magisterial District No. 5 of Perry County embracing the Viper voting precinct (No. 45) in the same county, but which possessed the same fatal defect above pointed out with reference to the election in Viper precinct. The election in the Magisterial District was also attacked by plaintiff in the action to restrain his prosecution, supra, upon the same ground but it does not appear that the court made any determination of that question.

With the facts as so appearing (all of which are pleaded as well as stipulated to be true) it is most difficult for us to perceive any legal grounds that could be urged against the judgment appealed from. No brief has been filed for appellant, but an informal argument was made by his counsel pursuant to permission of the court, and in which he contended that although the 1937 election had been adjudged to be void by the Perry circuit court, yet an appeal therefrom was pending in this court and that the pendency of that appeal suspended the judgment of the circuit court declaring the 1937 election in precinct No. 5 invalid until the final disposition of the appeal by this court, although no one took steps in that appeal to obtain any temporary relief pending appeal afforded by Section 747 of the Civil Code of Practice applicable to appeals to this court in such actions. Therefore, the judgment of the Perry circuit court annulling the 1937 election in precinct No. 5 is, and has been continuously since its rendition, in full force and effect without any suspending or other qualifying order by any court.

If, however, the annulling judgment referred to were rendered temporarily ineffectual for any reason, then the question as to the validity or invalidity of the 1937 election is appropriately presented herein as based on the reason advanced therefor in this action and may be determined herein the same as it could have been and was determined in the action by plaintiff enjoining his prosecution, and from the judgment in which

the appeal referred to is now pending and undetermined in this court. See Ray v. Spiers, 281 Ky. 549, 136 S. W. (2d) 750. As indicated, the 1937 election in both territories was and is necessarily void, and that being true the four years prescribed intervening period by the statute for the holding of such elections in the same territory or parts thereof does not apply, since such requirement by the statute contemplated valid and enforcible elections and not to apply to void ones.

It, perhaps, might also be true that in no event may plaintiff maintain this action, since if the 1937 elections are void he would have no grounds, as pointed out, to enjoin the contemplated election on November 5, 1940. On the other hand, if the 1937 election was legal in all respects, then plaintiff has neither averred nor in any manner manifested any fact entitling him to enjoin the holding of the contemplated 1940 election. He does not base his right to do so as a taxpayer seeking to save the expenses of holding the election which he says would be void. But if he had based his right to injunctive relief on that ground it would have been unavailing, since the statute expressly requires that the petitioners for the calling of the election shall deposit an amount sufficient to meet the expenses of holding it, and which was done in this case, thereby destroying plaintiff's supposed right as a taxpayer to maintain the action. With the 1937 election upheld as valid, then the contemplated 1940 election sought to be enjoined by this action could not alter the status of the affected territory or the rights of the citizens therein, unless the votes cast in the 1940 election should turn out to be the reverse of those cast in the 1937 election—in which event the application of the stock law to the territory involved would be rejected and plaintiff would be given the relief he has been battling for continuously since the 1937 election. So that, in such a contingency there would be conferred upon him the exact relief for which he has continuously contended and is now contending.

We unhesitatingly conclude that the judgment appealed from should be, and it is, affirmed.