## Brashear v. Brashear et al.

Nov. 29, 1940.

S. M. Ward, Judge.

624

J. B. Eversole for appellant.

Barney Baker for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

Appellees have entered motion to dismiss this appeal on the ground that the question involved has become moot since the appeal was taken. The appellant by this action filed by him in the Perry circuit court sought to enjoin the appellees as defendants therein from prosecuting him for permitting his stock to run at large in Viper voting precinct in Perry County, contrary to an election held in that precinct on the regular election day in 1937, whereby the stock law was put in force within that territory. The court in its final judgment sustained the grounds upon which he relied in his petition, after first properly holding the 1937 election void, but postponed the issuing of the order until November 15, 1940, thereby denying the right of plaintiff to permit his stock to run at large until after that date; but from and after which he might do so. From that order postponing the taking effect of the judgment this appeal was filed in this court, and during its pendency we sustained the trial court in its conclusion that the 1937 election was void in our opinion rendered in the case of Brashear v. Eversole, County Court Clerk, 284 Ky. 313, 144 S. W. (2d) 513.

The record does not disclose whether the threatened prosecution that plaintiff in this case sought to enjoin was inaugurated, or if so whether or not it has been tried; nor is it disclosed whether or not plaintiff continued to permit his stock to run at large after the rendition of the judgment appealed from. In order to present a reviewable question by this court it should appear that plaintiff was wrongfully deprived of some right by the judgment appealed from, but which he has failed to do. On the contrary, we, in the case supra, upheld the

ground upon which he sought the injunctive relief prayed for in this case, but at the same time sustained another call for a similar election in the same territory for the same purpose to be held on the regular November election day of this year (1940). With the motion to dismiss this appeal there is filed a certification that a majority of the votes cast at that (1940) election were in favor of the adoption of the stock law in the same territory and which has been so certified upon the records in the Perry county court clerk's office, from and after which the law became effective.

Furthermore, the postponement period for the taking effect of the injunction, as set out in the judgment appealed from, has now expired and the postponed relief automatically took effect upon such expiration, which, as we have seen, was on November 15th of this year. The only question, therefore, involved in this appeal has become, because of the fact so stated, a moot one, and for which reason the motion to dismiss the appeal is sustained, and it is dismissed.