## Ridener et al. v. Perkins, Judge, et al.

April 25, 1944.

W. S. Gilreath for appellants.

J. E. Stephens for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal is from a judgment dismissing the appellants' petition upon their declining to plead further after a demurrer had been sustained thereto. They sought to have declared void an election which was held in the Smithtown voting precinct of McCreary County on the proposition of whether stock should be prohibited from running at large upon unenclosed land and upon the highways in the precinct. There were 55 votes cast in favor of the proposition and 39 against. All of the appellants are citizens and voters in the precinct. The election was challenged on several grounds, but the ones upon which reliance is placed for reversal are: (1) The fiscal court of McCreary County, whose duty it was to pass upon the election, failed and refused to do so; and (2) no notice was given of the election, whereas notice was published in the county paper stating there would be no election on the proposition.

KRS 259.030 sets forth the conditions under which the county court shall direct the holding of a stock law election. It is provided in KRS 259.040, however, that, before any election can be held under the aforementioned section, the fiscal court of the county shall decide by majority vote whether the election shall be confined to voting precincts, justices' districts, or cover the entire county.

The appellants charge in their petition that, when the proposition was submitted to the fiscal court, a majority of its members voted "No" on the proposition of holding the election in the Smithtown precinct. The petition shows also that, instead of the notices being given as required by KRS 259.060, a notice was published in the county paper saying there would be no election. When we consider these allegations as true, because of the demurrer, it is obvious that the election was void,

for it was not approved by the fiscal court, as required under KRS 259.040, to say nothing of the fact no notice of it was given. Thus we are confronted with the question as to whether the appellants, who are interested parties; may maintain an action to have the election set aside.

We held in the recent case of Ray v. Spiers, 281 Ky. 549, 136 S. W. (2d) 750, that anyone interested in the result of a special election (a local option election in that instance) could attack it in a direct proceeding in equity on grounds rendering it wholly invalid or void. That case is cited with approval in the recent stock law case of Brashear v. Eversole, 284 Ky. 313, 144 S. W. (2d) 513. In the case before us the appellants filed their petition in equity, making a direct attack upon the election on the grounds heretofore mentioned. As we have pointed out, the allegations showed the election to be void, so the petition was good and the demurrer should not have been sustained thereto.

Having reached this conclusion it is unnecessary for us to consider the applicability of the cases of Gabbard v. Roberts, 220 Ky. 480, 295 S. W. 438, and Cary v. Simpson, 239 Ky. 381, 39 S. W. (2d) 668, which involved methods of contesting stock law elections not included in the present statutes. Nor is it necessary that we consider the applicability of KRS 122.140, which provides for a contest or recount of an election on any public question other than a constitutional amendment, or a local option question submitted under Chapter 242 of the Kentucky Revised Statutes; or the soundness of the ruling in the case of Adams v. Magisterial District No. 5, Perry County, 254 Ky. 113, 71 S. W. (2d) 21, to the effect that the voter was not authorized to bring an action to contest a stock law election on the ground that the petition requesting submission of the question was insufficient, and that it was not approved by the fiscal court.

Wherefore, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.