Eddie THOMPSON, Jr., Appellant,

v.

KENTON COUNTY BOARD OF ELECTION COMMISSION et al., Appellees.

Court of Appeals of Kentucky.

Sept. 19, 1975.

Rehearing Denied Oct. 29, 1975.

Certiorari Denied Jan. 26, 1976.

See 96 S.Ct. 873.

Eddie Thompson, Jr., pro se.

Richard S. Nelson, Robert E. Ruberg, Covington, for appellees.

CATINNA, Commissioner.

Eddie Thompson, Jr., appeals from an order of the Kenton Circuit Court, Third Division, dismissing his action contesting the primary election of city commissioners for the City of Covington, a second-class city with a city-manager form of government.

Thompson was an unsuccessful candidate for nomination to the office of city commissioner for the City of Covington in a primary election held for that office on May 27, 1975. Subsequent to his defeat, he filed a contest action against the Kenton County Board of Election Commission and individual members of the board, seeking to have the primary election invalidated. Upon motion of the defendants, this action was dismissed on the ground that there was no statute permitting the contest of such an election.

█ The right of a candidate to contest a primary election is one that must be established by statutory authority, given either expressly or by implication. *Dodge v. Johnson,* 210 Ky. 843, 276 S.W. 984 (1925).

█ KRS 89.440, in providing for the manner of nomination and election of commissioners in cities of the second class, contains no express provision that would permit the contest of any primary election for such office, nor does it by implication grant such authority.

KRS 120.055 outlines the procedure that must be followed for the contest of a primary election. Parties permitted to contest such primary elections are said to be those candidates for the nomination to office at a primary election held under the provisions of KRS 118.015 to 118.035 and KRS 118.105 to 118.255. However, KRS 118.105(4) provides:

"This chapter does not apply to candidates for * * * commissioner in cities of the fourth class operating under the commission form of government and in cities of the second, third or fourth class operating under the city manager form of government."

Hence, there is absolutely no statutory authority for the contest of a primary election for commissioner of a city of the second class with the city-manager form of government.

The judgment is affirmed.

REED, C. J., and CLAYTON, JONES, PALMORE, STEPHENSON and STERNBERG, JJ., concur.

LUKOWSKY, J., not sitting.