

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 16, 1965

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. C-388

Re: Whether the Treasury
Department may expend for
salaries for personal
services and other mis-
cellaneous operating
expenses any of the funds
received pursuant to the
provisions of Article
4.08, Texas Insurance Code,
and placed in the Special
Trust Fund provided for

Dear Mr. James:
by Section 9 of said Article.

You have requested an opinion of this office involving
the following question:

"... whether this department may expend for
salaries for personal services and other miscellan-
eous operating expenses any of the funds received
pursuant to the provision of Article 4.08, Texas
Insurance Code, and placed in the Special Trust
Fund provided for by Section 9, of said Article."

Section 9 of Article 4.08 provides:

"Upon receipt of any unclaimed funds from such
life insurance companies by the State Treasurer,
he shall pay forthwith three-fourths of the amount
thereof into the general funds of the state for
the use of the state. The remaining one-fourth
shall be administered by him as a special trust
fund _for the purposes of this Article_, . . ."
(Emphasis added.)

In a previous opinion No. C-297 (1964), this office held
that there was an appropriation of funds made by the Legislature
in Section 9 of Article 4.08, Texas Insurance Code. The
opinion stated:

> ". . . Article 4.08, Section 9 designates one-fourth of all the unclaimed funds from life insurance companies which, as collected, are deposited with the State Treasurer to the credit of a special trust fund to administer the purposes of the Act. A valid appropriation of money within the meaning of Article VIII, Section 6 of the Constitution of Texas was made by the Legislature in Article 4.08, Section 9 for the purposes stated in the Act."

In order to answer your question, we must determine whether the expenditure of funds for the indicated purposes comes within the scope of the appropriation; i.e., "for the purposes of this Article". The State Treasurer is specifically required to perform the following duties under Section 12 of Article 4.08.

> "The State Treasurer shall keep in his office a public record of each payment of unclaimed funds received by him from any life insurance company. Except as to amounts reported in the aggregate, such record shall show in alphabetical order the name and last known address of each insured or annuitant, and of each beneficiary or other person who, according to the company's reports, may have an interest in such unclaimed funds, and with respect to each policy or contract, its number, the name of the company, and the amount due."

Section 5 of Article 4.08 requires the State Treasurer to cause to be published a notice in a newspaper "published or having a general circulation in each county of this State in which is located the last known address of a person appearing to be entitled to such funds." Such notice is to contain an alphabetical list of the names reported by the life insurance companies to have a last known address within such county, together with the amount due each person, the date it became payable, the last known address of the owner, the name and address of the reporting insurance company and a statement that all such funds which are not claimed by the following December 20th are to be placed in the custody of the State Treasurer.

In our opinion, the duties imposed upon the State Treasurer by Article 4.08 are of such a nature as to necessarily require in the performance thereof the employment of personnel,

purchase of needed supplies, and the expenditure of funds for miscellaneous operating expenses in connection therewith. The performance of such duties being one of the purposes of the Article, it necessarily follows that the Legislature intended that the funds appropriated by Section 9 "for the purposes of this Article" be expended for salaries of necessary personnel and other expenses in conjunction with performance of such duties. We are supported in this interpretation by <u>Wood v. State</u>, 132 Tex. 575, 126 S.W.2d 4 (1939), page 7:

> "It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. Also, statutes should never be given a construction that leads to uncertainty, injustice, or confusion, if it is possible to construe them otherwise. . . ."

In a previous opinion No. V-1288 (1951), a similar question arose over the authority of the Teacher Retirement System to pay the cost of actuarial services. Under Section 6, Subsection (13), Article 2922-1, V.C.S., the State Board was required to designate an actuary. No provision was expressly made within the Subsection for compensation of this employee. The general appropriation to the agency did not specifically provide for the payment for the services of the actuary. The General Appropriation did contain the following provision:

> "<u>For the purposes of carrying out the provisions of the Act establishing the Teacher Retirement System</u>, there is hereby appropriated to the Teachers Retirement System of Texas, for each of the fiscal years ending August 31, 1952, and August 31, 1953, all moneys collected and received by said System under the provisions of Senate Bill No. 47, . . ." (Emphasis added.)

Subsection 7 of Section 8 of Article 2922-1, V.A.S. set up an expense fund and contained the following language:

> "The Expense Fund shall be the fund from which the expenses of administration and maintenance of the Retirement System shall be paid. . . ."

In Opinion No. V-1288 it was held that the appropriation ". . . for the purposes of carrying out the provisions of the

Act establishing the Teacher Retirement System" was ". . . clearly sufficient to authorize the Board of Trustees of the System to use the moneys thus appropriated to pay for the services of the actuary required by Section 6, Subsection (13), Article 2922-1, V.C.S. . . ."

Therefore, in our opinion the funds appropriated for the purposes of Article 4.08 may be expended for the salaries of employees necessary to carry out the duties imposed upon the State Treasurer's office by the provisions of Article 4.08 and for other miscellaneous expenses incident thereto. This appropriation extends for a period of two years from the effective date of Article 4.08 on August 22, 1963.

## SUMMARY

Section 9 of Article 4.08 is a valid appropriation by the Legislature; and all expenses, both salaries for personal service and miscellaneous operating expenses, are to be defrayed from the special trust fund; and the appropriation extends for a period of two years from the effective date of Article 4.08, August 22, 1963.

Very truly yours,

WAGGONER CARR
Attorney General

By
  Wade Anderson
  Assistant

WA:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Linward Shivers
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone